# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00097-CR

**Robert William Moore, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
NO. CR2006-105, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Robert William Moore pleaded guilty to the offense of indecency with a child.  *See*
Tex. Penal Code Ann. § 21.11 (West 2003).  Pursuant to a plea agreement, the district court placed
Moore on deferred adjudication community supervision for eight years.  Subsequently, the State filed
a motion to proceed with adjudication, alleging that Moore had violated the terms and conditions of
his community supervision by, among other things, using cocaine, failing to report to his probation
officer, failing to report to the sex offender treatment program, and refusing to allow his probation
officer to visit Moore's place of residence.

At the revocation hearing, Moore pleaded true to the allegation involving cocaine use,
and either not true or true with an "explanation" to the other allegations.  After hearing evidence, the
district court found that Moore had violated his probation, adjudicated him guilty, and sentenced him

to twelve years' imprisonment. In a single issue on appeal, Moore asserts that the district court abused its discretion in revoking his probation. We will affirm the judgment.

## STANDARD OF REVIEW

We review the district court's decision to revoke probation for abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). Abuse of discretion occurs "only when the trial judge's decision was so clearly wrong as to lie outside the zone within which reasonable persons might disagree." *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992). The trial court is the judge of the credibility of the witnesses and the weight to be given their testimony. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); *Mauney v. State*, 107 S.W.3d 693, 695 (Tex. App.—Austin 2003, no pet.). We view the evidence presented in a revocation proceeding in the light most favorable to the trial court's ruling. *See Garrett*, 619 S.W.2d at 174; *Mauney*, 107 S.W.3d at 695.

In probation revocation proceedings, the State has the burden of proving a violation of the terms of probation by a preponderance of the evidence. *Rickels*, 202 S.W.3d at 763-64; *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Willis v. State*, 2 S.W.3d 397, 399 (Tex. App.—Austin 1999, no pet.). The State satisfies this standard when the greater weight of the credible evidence before the court creates a reasonable belief that a condition of probation has been violated as alleged. *Rickels*, 202 S.W.3d at 764; *Jenkins v. State*, 740 S.W.2d 435, 437 (Tex. Crim. App. 1983). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the community supervision. *Cardona*, 665 S.W.2d at 493-94; *Cherry v. State*, 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd).

2

**DISCUSSION**

Moore asserts that it was an abuse of discretion for the district court to revoke his probation "because [Moore] could not afford to get mental health or drug treatment, could not initially pay fees owed and could not appear for all scheduled appointments with providers." In other words, rather than contesting the alleged probation violations, Moore argues that the violations should be excused for various reasons. These reasons include "that he had gone into a deep depression following being placed on deferred disposition," a "lack of transportation" that "contributed" to him being unable to make all of his appointments with his probation officer, and "rain and flooding" that prevented him from attending the sex offender treatment program on a day he was scheduled to appear.

We are required to confine our inquiry on appeal to whether the record supports a finding that Moore violated his probation. If the record supports the district court's finding that the State proved, by a preponderance of the evidence, that Moore violated even a single term and condition of his probation, we must affirm the order. *See Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980) (holding that one probation violation is sufficient to support court's revocation order); *Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref'd) ("Proof by a preponderance of the evidence of any *one* of the alleged violations of the conditions of community supervision is sufficient to support a revocation order.").

Viewing the evidence in the light most favorable to the district court's ruling, we conclude that the record supports the district court's finding. Moore pleaded true to the allegation that he signed an admission form admitting the use of cocaine. This was a violation of the probation condition that Moore "abstain from the use of alcoholic beverages and narcotic or habit forming

3

drugs, marijuana [sic] and controlled substances." A plea of true, standing alone, is sufficient to support the revocation of probation. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979); *Atchison v. State*, 124 S.W.3d 755, 758 n.4 (Tex. App.—Austin 2003, pet. ref'd). Additionally, Moore admitted during his testimony at the revocation hearing that he tested positive for using cocaine. Thus, the record supports a finding that the State proved, by a preponderance of the evidence, that Moore violated the condition of his probation requiring him to abstain from drug use.

Furthermore, Moore's probation officer, Amy Lowrie, testified that Moore failed to report to her on June 12, September 4, September 19, and October 2, 2007. Moore admitted to failing to report on these dates, and he also admitted to not attending the sex offender treatment program on certain dates. Thus, the record also supports the district court's finding that the State proved, by a preponderance of the evidence, that Moore violated the conditions of his probation requiring him to report to his probation officer and participate in the sex offender treatment program.

The district court did not abuse its discretion in revoking Moore's probation. We overrule Moore's sole issue on appeal.

## CONCLUSION

We affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Puryear and Pemberton

Affirmed

Filed: October 24, 2008

Do Not Publish

4