# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-02-00268-CR

---

**John Robert Mauney, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE DISTRICT COURT OF MILLS COUNTY, 35TH JUDICIAL DISTRICT
### NO. 2273, HONORABLE DONALD H. LANE, JUDGE PRESIDING

---

### **O P I N I O N**

John Robert Mauney appeals the district court=s order revoking probation and sentencing him to five years= confinement in the Texas Department of Criminal Justice, Institutional Division. The district court found that appellant failed to register as a sex offender in Collin County Aon or about@ June 27, 2001. Appellant contends that the district court erred in its finding because he registered on June 27, 2001, after he had been arrested for failure to register. We will affirm the district court=s order.

Appellant was indicted for a second degree felony of indecency with a child in Mills County on June 27, 1990. *See* Tex. Pen. Code Ann. ' 21.11(a)(2) (West 2003). On January 27, 1992, he pled guilty pursuant to a plea agreement. The court sentenced him to ten years= confinement with a fine of $1000 and probated his sentence for ten years. As a condition of his probation, the court mandated compliance

with the laws of Texas. In May 2001, appellant was registered and living in Dallas, Collin County,[1] with the knowledge of his community supervision and corrections officer. On May 18, he moved approximately one mile to an extended-stay hotel in Plano, Collin County. Appellant was aware that the hotel was located in a new city, but he did not register in Plano as a sex offender within seven days as required by law. *See* Tex. Code Crim. Proc. Ann. arts. 62.02(a), .04(a) (West Supp. 2003).[2] Appellant testified at his revocation hearing that he did not register because he has a habit of procrastination. On approximately June 4, a Plano patrol officer ran a vehicle registration check of cars at the hotel, and appellant=s car matched as registered to a sex offender. The patrol officer notified the intelligence unit of the Plano Police Department. Officer Brantley Hickman of that unit determined that the car belonged to appellant and that appellant had not registered with the City of Plano as a sex offender. On June 27, Officer Hickman contacted appellant=s wife and notified her that a warrant had been issued for appellant=s arrest. She located appellant and relayed the information. Appellant then contacted Officer Hickman, turned himself in to the Plano Police

---

[1]  Most of the City of Dallas is located in Dallas County. However, a small portion is located in Collin County, and appellant at that point lived in that small section of Dallas.

[2] The focus of the Texas Sex Offender Registration Program is on registration with a municipality. Tex. Code Crim. Proc. Ann. art. 62.02(a) (West Supp. 2003). Offenders must register with counties only when they do not reside in municipalities. *Id*.

Department, and was arrested. He posted bond and, upon release, was caused by the Plano Police Department to immediately register as a sex offender.

On January 17, 2002, the State filed a motion in Mills County to revoke probation alleging that appellant violated the conditions of probation by failing to comply with the Texas Sex Offender Registration Program Aon or about@ June 27, 2001. *See* Tex. Code Crim. Proc. Ann. arts. 62.01(5)(A), .02(a), .04(a) (West Supp. 2003). Appellant was arrested on January 19. The district court held a revocation hearing on March 27 and determined the allegation to be true. The court then revoked his probation and sentenced him to five years= confinement. *See id*. art. 42.12, ' 23(a) (West Supp. 2003). In his sole issue, appellant argues that because he registered as a sex offender on June 27, 2001, after his arrest for failure to register, he complied with the requirements of the Texas Sex Offender Registration Program. Thus, the district court could not have found the State=s allegation to be true. We disagree.

A trial court=s decision to revoke probation is reviewed for an abuse of discretion. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Willis v. State*, 2 S.W.3d 397, 398-99 (Tex. App.C Austin 1999, no pet.); *Ortega v. State*, 860 S.W.2d 561, 564 (Tex. App.C Austin 1993, no pet.). A trial court abuses its discretion if the decision is so clearly wrong as to lie outside the zone within which reasonable persons might disagree. *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992); *Willis*, 2 S.W.3d at 399. We view the evidence presented in a revocation proceeding in the light most favorable to the trial court=s ruling. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); *Willis*, 2 S.W.3d at 399; *Ortega*, 860 S.W.2d at 564. As the trier of fact, it is left to the trial court to

3

judge the credibility of witnesses and the weight to be given their testimony. *Garrett*, 619 S.W.2d at 174; *Ortega*, 860 S.W.2d at 564.

In this case, appellant moved into his new residence in Plano on May 18, 2001. He was in violation of a condition of his probation as of May 26 because the Texas Sex Offender Registration Program required him to register with the City of Plano no later than seven days after he moved. Tex. Code Crim. Proc. Ann. arts. 62.01(5)(A), .02(a), .04(a). Furthermore, as appellant admitted at his revocation hearing, he remained in violation of his probation until he registered with the City of Plano on June 27, *after* he was arrested and compelled to register. Thus, although appellant technically complied on June 27, the State is free to prove the violation occurred any time before the filing of the motion to revoke and during the probation period so long as the State pleads that the violation occurred Aon *or about*@a specified date and that it occurred while the defendant was on probation. *See LaBelle v. State*, 720 S.W.2d 101, 104 (Tex. Crim. App. 1986) (allegations in motion to revoke probation need not be stated with same level of particularity required in indictment or information, so long as fully and clearly setting forth alleged violations of probation so that defendant informed of facts against which he will be called to defend). Because the State alleged that appellant violated the Sex Offender Registration Program Aon or about@June 27, and because appellant admitted at his revocation hearing that he failed to register until after being arrested on June 27, we have no basis to find an abuse of discretion by the district court. *Cantu,* 842 S.W.2d at 682.

The judgment of the district court is affirmed.

4

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed:   April 24, 2003

Publish