TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00017-CR






Amos Jefferson Kennemer, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT

NO. 9073, HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N 

 

 Appellant Amos Jefferson Kennemer pleaded guilty to felony driving while
intoxicated. See Tex. Penal Code Ann. § 49.04 (West 2003), § 49.09(b) (West Supp. 2006). The
district court placed Kennemer on probation for eight years. The State moved to revoke his
probation. The district court found that Kennemer had violated three probation conditions and thus
revoked his probation. In three issues on appeal, Kennemer contests the sufficiency of the evidence
to support revocation. We will affirm.

 

BACKGROUND

 On August 28, 2000, Kennemer was indicted for driving while intoxicated. Because 

Kennemer had been convicted of three prior offenses relating to the operation of a motor vehicle
while intoxicated, the offense was classified as a third-degree felony. See Tex. Penal Code Ann.
§ 49.09(b). Kennemer pleaded guilty, and the district court assessed a ten-year sentence and placed
Kennemer on probation for eight years. The district court imposed twenty-five conditions of
probation, including conditions that Kennemer (1) report as directed to his probation officer, (2)
participate and work, without compensation, ten hours per month in a community service program
or task as directed by his probation officer for a total of 600 hours, and (3) install an ignition
interlock device on any vehicle that he may operate for a term of four years. (1)
 

 On March 4, 2005, the State filed its "Second Amended Motion to Revoke
Probation," alleging that Kennemer had violated these three conditions. Specifically, the State
alleged that


The defendant failed to report to community supervision officers as directed on the
months of September 2004 and February 2005.


The defendant failed to participate and work, without compensation, ten hours per
month in a community service program or task as follows:


 April 2001 - June 2004


The defendant failed to install an ignition interlock device on a 2001 Dodge Ram
pickup.


The defendant failed to install an ignition interlock device on a 1993 GMC Suburban.


On June 11, 2004, the defendant was operating a 1993 GMC Suburban without an
ignition interlock device.


 The district court held a revocation hearing on April 4, 2005. The State called several 
witnesses, including probation officer Terry Kennedy, transfer caseworker Karlette Hey, and
probation officer Jill Melnick. Kennemer testified in his own defense.

 Terry Kennedy was the intake officer for Kennemer. Kennedy testified that he had
read and explained all the probation conditions to Kennemer, including those that he allegedly
violated. Kennedy testified that he had no doubt that Kennemer "understood all terms and
conditions" of his probation.

 Karlette Hey was a transfer caseworker in Burnet County, meaning that she handled
paperwork in cases where the defendant was placed on probation in Burnet County but resided in
a different county for supervision. Although Kennemer was to be supervised in Burnet County for
this case, he was on probation in more than one county. Hey was involved with processing his
transfer paperwork. Hey testified that she talked to Kennemer over the phone about a traffic accident
in which he was involved. Hey recounted that Kennemer told her that the accident occurred in June
2004 and that he admitted that he had been driving a 1993 Suburban without an ignition interlock. 
Kennemer claimed that, at the time of the accident, he was no longer required to use an ignition
interlock device. However, according to the probation order, Kennemer was supposed to have an
ignition interlock device on any vehicle he drove until February 2005, four years after the date he
was placed on probation. The district court took judicial notice of the order's four-year requirement. 
Hey also explained that while Kennemer was supposed to report to the probation office all of the
vehicles he owned or drove, Kennemer never listed the Suburban. 

 Hey also received a report from Kennemer's ex-wife that, during his visitation
weekends with their children, Kennemer was picking up the children in a 2001 Dodge Ram pickup
truck that was not equipped with an ignition interlock device. Hey further testified that as early as
October 2003, she had been receiving reports from the interlock company regarding the low number
of engine starts, an indication that he was driving another vehicle.

 Jill Melnick was assigned Kennemer's case on March 22, 2004. Melnick testified
that Kennemer failed to report to her twice, on September 29, 2004, and February 9, 2005. Melnick
further testified that in August 2004 she stopped by Kennemer's house to check on the pickup truck
that he was allegedly driving. She looked inside the truck and determined that there was no ignition
interlock device installed. When Melnick confronted Kennemer about this, he admitted driving the
truck but, again, claimed that he was no longer required to use the device.

 Kennemer testified that the reason he was confused about the length of time that he
was required to use the interlock device was because he believed that the four-year requirement ran
from the date the device was first installed in his vehicle, June 2000, rather than the date his
probation began, February 2001. 

 Kennemer admitted that, in September 2004 and February 2005, he did not report in
person (2) to his probation officer as directed but explained that he missed the September meeting
because his children were sick and missed the February meeting because he was in court. In closing
argument, Kennemer "pleaded true" to removing the interlock device before he should have.

 The district court found the allegations in the State's motion to revoke to be true,
revoked Kennemer's probation, and assessed punishment at three years' confinement. This appeal
followed.


DISCUSSION

 In three issues on appeal, Kennemer asserts that there is legally insufficient evidence
to support the district court's findings that he violated each of the three probation conditions
discussed above. 

 We review the district court's decision to revoke probation for abuse of discretion. 
Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). Abuse of discretion occurs "only
when the trial judge's decision was so clearly wrong as to lie outside the zone within which
reasonable persons might disagree." Cantu v. State, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992).
The trial court is the judge of the credibility of the witnesses and the weight to be given their
testimony. Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); Mauney v. State, 107
S.W.3d 693, 695 (Tex. App.--Austin 2003, no pet.). We view the evidence presented in a
revocation proceeding in the light most favorable to the trial court's ruling. See Garrett, 619 S.W.2d
at 174; Mauney, 107 S.W.3d at 695. 

 In probation revocation proceedings, the State has the burden of proving a violation
of the terms of probation by a preponderance of the evidence. Cobb v. State, 851 S.W.2d 871, 873
(Tex. Crim. App. 1993); Willis v. State, 2 S.W.3d 397, 399 (Tex. App.--Austin 1999, no pet.). The
State satisfies this standard "when the greater weight of the credible evidence before the court creates
a reasonable belief that a condition of probation has been violated as alleged." Jenkins v. State, 740
S.W.2d 435, 437 (Tex. Crim. App. 1983). A finding of a single violation of the terms of probation
is sufficient to support the court's revocation order. Sanchez v. State, 603 S.W.2d 869, 871 (Tex.
Crim. App. 1980). Thus, if the district court did not abuse its discretion in finding that Kennemer
violated at least one condition of his probation, we need not consider the other probation conditions. 
With that principle in mind, we consider whether sufficient evidence supports the district court's
finding that Kennemer violated his probation by failing to comply with the condition related to the
ignition interlock device. 

 The condition of probation related to the interlock device required Kennemer to
"[i]nstall an ignition interlock device on any vehicle that [he] may operate for a term of four years
and pay costs of same." It is clear from the record that Kennemer did not do so. Probation was
granted on February 2, 2001. Officer Kennedy testified that the four-year term began the day
Kennemer was placed on probation. This means that the term did not end until February 2005. 
Kennemer admitted to driving without an interlock device since at least June 2004, and there is some
evidence in the record that he may have been driving without a device before then. Although
Kennemer asserted that he was mistaken about the date on which the term began, his claim was
refuted by Kennedy's testimony that Kennemer "understood all terms and conditions" of probation
when they were explained to him. 

 Furthermore, in closing argument Kennemer pleaded true to violating this probation
condition. A plea of true, standing alone, is sufficient to support the revocation of probation. Moses
v. State, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979); Atchison v. State, 124 S.W.3d 755, 758 n.4
(Tex. App.--Austin 2003, pet. ref'd). 

 Viewed in the light most favorable to the district court's ruling, this evidence is
sufficient to support a finding that Kennemer violated the condition of his probation requiring him
to install an ignition interlock device on any vehicle he operated. Therefore, we need not determine
whether there is sufficient evidence to show that he violated the other two conditions. See Sanchez,
603 S.W.2d at 871. We overrule Kennemer's issues on appeal.


CONCLUSION

 Having overruled Kennemer's issues on appeal, we affirm the judgment of the
district court.

 


 

 Bob Pemberton, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: February 1, 2007

Do not publish


 
1. An ignition interlock device is an in-car alcohol breath screening device that prevents a
vehicle from starting if it detects a blood alcohol concentration (BAC) over a pre-set limit. The
device is located inside the vehicle, near the driver's seat, and is connected to the engine's ignition
system.

2. Kennemer asserted that he attempted to report to his probation officer in an email, but there
was no other evidence to support this assertion.