# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00464-CR

**Darrell Wood, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. D-1-DC-2004-500558, HONORABLE CHARLES F. BAIRD, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Following revocation of appellant Darrell Keith Wood's community supervision, the district court adjudicated appellant guilty of indecency with a child by exposure.[1]  Appellant was sentenced to ten years' confinement in the institutional division of the Texas Department of Criminal Justice.  In a single point of error, appellant complains that the evidence was legally insufficient to establish by a preponderance of the evidence that he violated the conditions of his deferred adjudication.  We will affirm the district court's judgment adjudicating guilt.

### BACKGROUND

In March 2007, Wood pleaded guilty to the offense of indecency with a child by exposure, a third-degree felony.  Tex. Penal Code § 21.11(a)(2) (West 2003).  Appellant was

---

[1]  As part of an earlier plea agreement, appellant had pleaded guilty to the offense of indecency with a child by exposure in exchange for five years' deferred adjudication.

placed on five years' deferred adjudication community supervision. *See* Tex. Code Crim. Proc. art. 42.12 § 5(a) (West 2006). The district court placed appellant on the sex-offender caseload and imposed various sex-offender conditions. *See id*. at §§ 9A, 13B. Appellant began community supervision on May 1, 2007. On December 20, 2007, the Travis County Community Supervision and Corrections Department issued a notice that appellant was in violation of the conditions of his community supervision. The State thereafter filed a motion to proceed with an adjudication of guilt, alleging thirteen violations of the terms of appellant's deferred adjudication. Appellant pleaded "not true" to all of the allegations. The district court heard testimony from Blake Wingate, appellant's probation officer, among other witnesses. The court found four of the thirteen alleged violations to be true, namely: that appellant failed to notify the probation officer of a change in residence; that appellant failed to submit to and complete a polygraph examination; that appellant failed to have no contact with minor children; and that appellant had committed a subsequent criminal offense (burglary). Because we will overrule appellant's point of error based on his violation of the condition requiring him to submit to and complete a polygraph examination, we will confine the factual background to that violation.

Wingate, appellant's probation officer, testified that it was a condition of appellant's probation that he submit to a polygraph examination. The condition required appellant to "[s]ubmit to and pay all costs for a clinical polygraph and/or other diagnostic test or evaluation as directed by the Community Supervision Officer or Court." Wingate stated that appellant was required to submit to an "incident offense" polygraph, which is used to "try and help [the offender] come to the realization that they did commit the offense." Wingate testified that appellant had two different

2

appointments for the required polygraph. Appellant did not attend his first appointment. According to Wingate, appellant went to his second appointment, but was unable to complete the examination because he fell asleep during the polygrapher's pre-test questioning. Wingate's testimony was corroborated by that of Lindsay Rosenberg, appellant's ex-girlfriend, who testified that appellant "had fallen asleep—he was supposed to take a lie detector test." At the time the State filed its motion to proceed with an adjudication of guilt, appellant had still not taken the required polygraph examination.

## STANDARD OF REVIEW

The decision to proceed to adjudication of guilt is reviewable in the same manner as a revocation of "ordinary" community supervision. Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (West Supp. 2008). We review a decision to revoke community supervision, and by extension a decision to adjudicate, for an abuse of discretion. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Mauney v. State*, 107 S.W.3d 693, 695 (Tex. App.—Austin 2003, no pet.). A trial court abuses its discretion if the decision is so clearly wrong as to lie outside the zone within which reasonable persons might disagree. *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992); *Mauney*, 107 S.W.3d at 695. In the trial court, an order revoking community supervision must be supported by a preponderance of the evidence. *Cardona*, 665 S.W.2d at 493. We consider the evidence presented at the hearing in the light most favorable to the district court's findings. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); *Mauney*, 107 S.W.3d at 695. As the trier of fact, the trial court judges the credibility of witnesses and the weight to be given their testimony. *Garrett*, 619 S.W.2d at 174; *Mauney*, 107 S.W.3d at 695. The violation of a single

condition of community supervision is sufficient to support a revocation decision. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).

## DISCUSSION

Appellant contends that no evidence was presented to support the allegation that he failed to submit to and complete a polygraph examination. We disagree. Appellant notes Rosenberg's testimony that she picked him up from his visit to the polygraph examiner, but he argues that her testimony does not specifically state whether or not he completed the examination. Rosenberg testified that "he had fallen asleep—he was supposed to take a lie detector test." The district court could have reasonably inferred from Rosenberg's use of the words "he was supposed to take a lie detector test" that appellant did not complete the test. More significant, however, is Wingate's testimony that appellant failed to appear at his first appointment to take the polygraph, and that at his second appointment he fell asleep during pre-test questioning. Wingate testified that appellant did not submit to and complete a polygraph examination. The district court could have reasonably concluded that appellant had been directed by the community supervision officer to submit to and complete the polygraph examination because he had scheduled two appointments to be tested, and that appellant had ample time between May 1, 2007 and December 20, 2007 to submit to and complete the examination.

We conclude that the testimony of Wingate and Rosenberg was sufficient to support a finding that appellant did not submit to and complete a polygraph examination. Therefore, we hold that the district court did not abuse its discretion in finding that appellant violated a condition of his community supervision. Appellant's point of error is overruled.

4

## CONCLUSION

Having overruled appellant's sole point of error, we affirm the judgment of the district court.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed:   May 14, 2009

Do Not Publish