TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00464-CR






Darrell Wood, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT

NO. D-1-DC-2004-500558, HONORABLE CHARLES F. BAIRD, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N


 Following revocation of appellant Darrell Keith Wood's community supervision, the
district court adjudicated appellant guilty of indecency with a child by exposure. (1) Appellant was
sentenced to ten years' confinement in the institutional division of the Texas Department of Criminal
Justice. In a single point of error, appellant complains that the evidence was legally insufficient to
establish by a preponderance of the evidence that he violated the conditions of his deferred
adjudication. We will affirm the district court's judgment adjudicating guilt. 


BACKGROUND

 In March 2007, Wood pleaded guilty to the offense of indecency with a child by
exposure, a third-degree felony. Tex. Penal Code § 21.11(a)(2) (West 2003). Appellant was
placed on five years' deferred adjudication community supervision. See Tex. Code Crim. Proc.
art. 42.12 § 5(a) (West 2006). The district court placed appellant on the sex-offender caseload and
imposed various sex-offender conditions. See id. at §§ 9A, 13B. Appellant began community
supervision on May 1, 2007. On December 20, 2007, the Travis County Community Supervision
and Corrections Department issued a notice that appellant was in violation of the conditions of his
community supervision. The State thereafter filed a motion to proceed with an adjudication of guilt,
alleging thirteen violations of the terms of appellant's deferred adjudication. Appellant pleaded "not
true" to all of the allegations. The district court heard testimony from Blake Wingate, appellant's
probation officer, among other witnesses. The court found four of the thirteen alleged violations to
be true, namely: that appellant failed to notify the probation officer of a change in residence; that
appellant failed to submit to and complete a polygraph examination; that appellant failed to have no
contact with minor children; and that appellant had committed a subsequent criminal offense
(burglary). Because we will overrule appellant's point of error based on his violation of the
condition requiring him to submit to and complete a polygraph examination, we will confine the
factual background to that violation.

 Wingate, appellant's probation officer, testified that it was a condition of appellant's
probation that he submit to a polygraph examination. The condition required appellant to "[s]ubmit
to and pay all costs for a clinical polygraph and/or other diagnostic test or evaluation as directed by
the Community Supervision Officer or Court." Wingate stated that appellant was required to submit
to an "incident offense" polygraph, which is used to "try and help [the offender] come to the
realization that they did commit the offense." Wingate testified that appellant had two different
appointments for the required polygraph. Appellant did not attend his first appointment. According
to Wingate, appellant went to his second appointment, but was unable to complete the examination
because he fell asleep during the polygrapher's pre-test questioning. Wingate's testimony was
corroborated by that of Lindsay Rosenberg, appellant's ex-girlfriend, who testified that appellant
"had fallen asleep--he was supposed to take a lie detector test." At the time the State filed its
motion to proceed with an adjudication of guilt, appellant had still not taken the required
polygraph examination.


STANDARD OF REVIEW


 The decision to proceed to adjudication of guilt is reviewable in the same manner as
a revocation of "ordinary" community supervision. Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b)
(West Supp. 2008). We review a decision to revoke community supervision, and by extension a
decision to adjudicate, for an abuse of discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex.
Crim. App. 1984); Mauney v. State, 107 S.W.3d 693, 695 (Tex. App.--Austin 2003, no pet.). A trial
court abuses its discretion if the decision is so clearly wrong as to lie outside the zone within which
reasonable persons might disagree. Cantu v. State, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992);
Mauney, 107 S.W.3d at 695. In the trial court, an order revoking community supervision must be
supported by a preponderance of the evidence. Cardona, 665 S.W.2d at 493. We consider
the evidence presented at the hearing in the light most favorable to the district court's findings. 
Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); Mauney, 107 S.W.3d at 695. As the
trier of fact, the trial court judges the credibility of witnesses and the weight to be given their
testimony. Garrett, 619 S.W.2d at 174; Mauney, 107 S.W.3d at 695. The violation of a single
condition of community supervision is sufficient to support a revocation decision. Moore v. State,
605 S.W.2d 924, 926 (Tex. Crim. App. 1980). 


DISCUSSION

 Appellant contends that no evidence was presented to support the allegation that he
failed to submit to and complete a polygraph examination. We disagree. Appellant notes
Rosenberg's testimony that she picked him up from his visit to the polygraph examiner, but he
argues that her testimony does not specifically state whether or not he completed the examination. 
Rosenberg testified that "he had fallen asleep--he was supposed to take a lie detector test." The
district court could have reasonably inferred from Rosenberg's use of the words "he was supposed
to take a lie detector test" that appellant did not complete the test. More significant, however, is
Wingate's testimony that appellant failed to appear at his first appointment to take the polygraph,
and that at his second appointment he fell asleep during pre-test questioning. Wingate testified that
appellant did not submit to and complete a polygraph examination. The district court could have
reasonably concluded that appellant had been directed by the community supervision officer to
submit to and complete the polygraph examination because he had scheduled two appointments to
be tested, and that appellant had ample time between May 1, 2007 and December 20, 2007 to submit
to and complete the examination.

 We conclude that the testimony of Wingate and Rosenberg was sufficient to support
a finding that appellant did not submit to and complete a polygraph examination. Therefore, we hold
that the district court did not abuse its discretion in finding that appellant violated a condition of his
community supervision. Appellant's point of error is overruled.


CONCLUSION

 Having overruled appellant's sole point of error, we affirm the judgment of the
district court.


 

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed: May 14, 2009

Do Not Publish

1. As part of an earlier plea agreement, appellant had pleaded guilty to the offense of
indecency with a child by exposure in exchange for five years' deferred adjudication.