# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00707-CR

**Patrick Theodore Sanchez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
### NO. 03-1026-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On January 22, 2004, Patrick Theodore Sanchez pleaded guilty to the offense of endangering a child. *See* Tex. Penal Code Ann. § 22.041 (West Supp. 2008). The trial court placed him on deferred adjudication for a period of five years and imposed a fine of $2,500. Approximately four years later, the State filed a motion to adjudicate guilt based on alleged violations of Sanchez's conditions of community supervision. The trial court granted the motion and rendered judgment adjudicating guilt and sentencing Sanchez to two years' confinement. On appeal, Sanchez argues that the trial court abused its discretion in proceeding to adjudication because the evidence was insufficient to prove any of the alleged violations of the conditions of community supervision. We affirm the trial court's judgment.

## BACKGROUND

According to the pre-sentence investigation report prepared in this case, on July 24, 2003, Sanchez was arrested for driving while intoxicated and informed the arresting officer that he had left his four-year-old son at home alone. Police officers drove to Sanchez's residence, discovered that the doors were locked, and summoned the fire department, who entered the home and found the four-year-old boy alone in the home, sleeping. As a result of this incident, Sanchez was arrested for, and ultimately pleaded guilty to, the offense of endangering a child.

The trial court deferred adjudication for five years and imposed a $2,500 fine. Because the circumstances of the offense involved alcohol and because Sanchez had a number of prior alcohol-related offenses, the trial court required Sanchez, as a condition of his community supervision, to spend a minimum of three months in a substance abuse treatment center and to install an ignition interlock device on his vehicle. The order imposing conditions of community supervision further required Sanchez to, among other things, abstain from the use of alcoholic beverages, refrain from operating a motor vehicle without a valid driver's license, and "commit no offense against the laws of this or any State."

On June 18, 2008, the State filed its third amended motion to adjudicate guilt, alleging that Sanchez had violated a number of conditions of his community supervision. After a hearing, the trial court determined that Sanchez had violated the conditions of his community supervision by (1) operating a motor vehicle without a valid driver's license on January 4, 2008, (2) violating a protective order that was in place against him by going to the residence of his ex-wife, Raquel Flores, on May 31, 2008, and again on June 7, 2008, and (3) consuming an alcoholic beverage on

2

March 5, 2008.  While the State also alleged in its motion to adjudicate that Sanchez had failed to work faithfully at suitable employment, the trial court did not find this allegation to be true.

The trial court then rendered judgment adjudicating guilt and sentencing Sanchez to two years' confinement.  Sanchez filed a motion for new trial, which was overruled by operation of law, and this appeal followed.  In a single issue on appeal, Sanchez argues that the trial court abused its discretion in proceeding to adjudication because the evidence was insufficient to prove any of the alleged violations of the conditions of his community supervision.

## STANDARD OF REVIEW

An appeal is permitted from a trial court's decision to proceed to an adjudication of guilt.  *See* Tex. Code Crim. Proc. art. 42.12 § 5(b) (West Supp. 2008).  Such a decision is reviewable in the same manner as a decision to revoke post-conviction supervision.  *See id.*  As a result, we review the trial court's decision for an abuse of discretion and consider the evidence in the light most favorable to the trial court's ruling.  *See Mauney v. State*, 107 S.W.3d 693, 695 (Tex. App.—Austin 2003, no pet.).  As the trier of fact, it is left to the trial court to judge the credibility of witnesses and the weight to be given their testimony.  *See id.*  "In determining questions regarding sufficiency of the evidence in probation revocation cases, the burden of proof is by a preponderance of the evidence."  *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006).  The violation of a single condition of community supervision is sufficient to support a revocation decision.  *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).

## DISCUSSION

In his sole issue on appeal, Sanchez argues that the evidence is insufficient to support any of the alleged violations of his conditions of community supervision. As noted above, the violation of a single condition is sufficient to affirm the trial court's decision to adjudicate guilt. *See id.*

The State alleged in its motion to adjudicate that on two different occasions, Sanchez went to the home of his ex-wife, Raquel Flores, in violation of a protective order she had obtained against him. Going to or near a place specifically described in a protective order, such as the residence of an individual protected under the order, is an offense under the penal code, *see* Tex. Penal Code Ann. § 25.07(a)(3)(A) (West Supp. 2008), and a violation of the condition of community supervision requiring Sanchez to observe the laws of this State.

The protective order in question was issued October 4, 2007, and expressly prohibits Sanchez from going to or near Flores's residence. Of significance to this appeal, the protective order also contains a provision stating that Flores "is granted exclusive possession of the residence located at 1741 East Mesa Park Cove, Round Rock, Texas." The order further states that it will remain in full force and effect until September 27, 2009.

At the adjudication hearing, Flores testified that on May 31, 2008, the day after her divorce from Sanchez was finalized, Sanchez came to her residence, walked into the home, and began taking pictures with his cell phone.[1] After Sanchez retrieved a lawn mower from the garage and

---

[1] Flores further testified that on June 7, 2008, Sanchez came to her residence, drove up to the front yard, and spoke to her briefly before leaving voluntarily. In light of our determination that the evidence supports a finding that Sanchez violated the protective order on May 31, 2008, we need not determine whether he also violated the protective order on June 7.

4

began mowing the lawn, Flores called the police, who came to the home and asked Sanchez to leave. Sanchez then left the home voluntarily.

One of the officers called to the scene, Rey Rodriguez, testified that when he arrived at the residence, Flores informed him that Sanchez had entered her home in violation of a protective order. While Flores stated in her testimony that the police initially had trouble finding a copy of the protective order, Rodriguez testified, "We had contacted the Williamson County Sheriff's Department that had the protective order on file and had them fax it to our agency." Based on the violation of the protective order, Rodriguez filed for Sanchez's arrest.

There was some question at the adjudication hearing regarding whether the East Mesa Park Cove residence was awarded to Sanchez in the divorce decree. However, while the decree itself does not appear in the record, Flores testified that under the decree, the home "was ordered to be sold" and that Sanchez "was allowed to be on the premises" on August 1, 2008, in order to retrieve his belongings from the home before it was sold. In any event, it is undisputed that the protective order prohibiting Sanchez from going to or near Flores's residence remained in effect on May 31, 2008.[2]

On appeal, Sanchez argues that there was a "fatal variance" between the State's motion to adjudicate, which described Flores's residence as being located at 1741 East Mesa Park Cove, and Flores's testimony on direct examination. During direct examination regarding the May 31 incident, Flores was asked, "When you say [Sanchez] walks in, is that the house that you had on the 1471 East Mesa Park Cove, Round Rock, Texas, here in Williamson County?" and she answered,

---

[2] While Sanchez argues on appeal that he did not know Flores was still living in the East Mesa Park Cove residence at the time of the June 7, 2008, incident, he does not make a similar argument regarding the May 31 incident.

"Yes." However, Flores later testified twice that the residence in question was located at 1741 East Mesa Park Cove. Furthermore, Rodriguez testified that on May 31, 2008, he was called to a domestic disturbance occurring at 1741 East Mesa Park Cove. Both the protective order and the State's motion to adjudicate are consistent with the testimony that Flores's residence was located at 1741 East Mesa Park Cove.

The "fatal variance" doctrine applies to a variance between the wording of a charging instrument and the evidence presented at trial. *Gollihar v. State*, 46 S.W.3d 243, 257 (Tex. Crim. App. 2001). Such a variance is only considered fatal if it is material and prejudices the defendant's substantial rights. *Id*. Here, there is no variance between the State's motion, which listed the address as 1741 East Mesa Park Cove, and the evidence presented at the hearing, as both Flores and Rodriguez testified that the May 31 incident occurred at the residence located at 1741 East Mesa Park Cove. While Flores also provided one conflicting statement that the residence was located at 1471 East Mesa Park Cove, the trial court, as trier of fact in a revocation proceeding, has the power to resolve conflicts in testimony. *See Williams v. State*, 591 S.W.2d 873, 876 (Tex. Crim. App. 1979). The trial court apparently did so in this case to determine that the incident occurred at 1741 East Mesa Park Cove, the address listed in the State's motion to adjudicate.[3]

Viewing the evidence in the light most favorable to the trial court's ruling, *see Mauney*, 107 S.W.3d at 695, we hold that the trial court did not abuse its discretion in determining

---

[3] While Sanchez emphasizes the fact that he and Flores owned two houses, only one of which could have been Flores's residence, Flores testified at the adjudication hearing that the couple's other home, which was used as a rental property, was not located in the same neighborhood as her residence. Therefore, counsel's apparent mistake in transposing two numbers in the East Mesa Park Cove address during Flores's direct examination could not have created any misperception that the incident in question occurred at the couple's rental property.

6

that the preponderance of the evidence supports a finding that Sanchez violated a protective order by entering Flores's home on May 31, 2008. In light of this holding, we need not address whether the evidence also supported findings that Sanchez had violated the terms of his community supervision by consuming an alcoholic beverage, operating a motor vehicle without a valid driver's license, or violating the protective order again on June 7, 2008. Sanchez's sole issue on appeal is overruled.

## CONCLUSION

We affirm the judgment adjudicating guilt.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed:   August 31, 2009

Do Not Publish

7