# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-08-00452-CR

---

**Alan C. Brown, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
NO. 97-830-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

On April 9, 1998, appellant Alan C. Brown pleaded guilty to four counts of aggravated assault of a public servant. *See* Tex. Penal Code Ann. § 22.02 (West Supp. 2008). The trial court deferred adjudication of guilt and placed appellant on community supervision for ten years. On February 12, 2008, the State filed a motion to adjudicate, which was later amended to add additional allegations. Following a hearing on May 21, 2008, the trial court adjudged appellant guilty and sentenced him to fifteen years in prison. In two points of error, appellant contends that the evidence is insufficient to support the decision to adjudicate and that the punishment assessed is grossly disproportionate. We affirm.

The incident on which this conviction is based occurred on September 28, 1997. That night, a Round Rock police officer was dispatched to an apartment complex to investigate the report of a prowler. The officer encountered appellant, who was a resident of the complex. A struggle

broke out, and appellant pushed the officer down a flight of stairs. Several other officers were dispatched to assist the first officer, and they attempted to arrest appellant in his apartment. Appellant resisted, and it eventually took seven officers to subdue appellant and place him under arrest. Six of the officers were later treated at a hospital, and one of them suffered a shoulder injury that caused him to miss several weeks of work

The amended motion to adjudicate alleged that appellant violated the terms of his supervision by obstructing, resisting, and assaulting three Tulsa, Oklahoma, police officers on September 6, 2007.[1] Tulsa officer Steven Sanders testified that on the night in question, he stopped an automobile being driven by appellant because the rear license plate was not illuminated as required by law. This was a fine-only offense, and the officer intended to issue a citation. Sanders testified that when he told appellant the reason he had been stopped, appellant asked if he could get out of the car to see for himself. Sanders told appellant that as a matter of department policy, he had to remain in his car until the ticket was issued and the stop was over.

Sanders testified that he could see that appellant had his driver's license and insurance card in his hand. Nevertheless, appellant refused to give the documents to the officer and continued to insist that he be allowed to see the violation for himself. Sanders said that he told appellant, "He can give me the driver's license and insurance, I can do my check, issue him the citation, we can be all gone," and "[T]he only other alternative I have is that he can go to jail for obstruction." Despite this warning, appellant continued to refuse to cooperate with the officer. Sanders testified that he

---

[1] The testimony reflects that the date of the incident was actually November 6, 2007.

then told appellant, "Go ahead and get out of the car. You're going to jail . . . ." Appellant refused to get out of the car, so Sanders opened the driver's door and ordered him out.

Sanders testified that appellant got out of the car, clinched his fists, and assumed a "fighting stance." Sanders pushed appellant against the car to restrain him. Appellant told Sanders, "Take your hands off me or I'm going to kick your ass," and he began to push away from the car. Sanders's partner, Brian Booth, came to Sanders's aid, but appellant continued to physically resist and verbally threaten the officers. Sanders testified that he pulled appellant's feet from under him and he fell to the ground, but appellant regained his footing. By this time, four backup officers had arrived. Appellant continued to physically resist the officers' attempts to restrain and handcuff him, and he tried to strike the officers with his hand or fist. Eventually, the six officers succeeded in handcuffing appellant and effecting his arrest.

Appellant and his brother, who was a passenger in the car, also testified at the adjudication hearing. They said that when appellant told Sanders that he would like to see for himself that the license plate was not illuminated, the officer became angry, began to curse, and told appellant that he was going to jail. According to appellant, Sanders opened the car door and pulled him from the vehicle. Appellant testified that he obeyed all of Sanders's orders, but the officers nevertheless forced him to the ground, handcuffed him, and kicked his head and face.

The State called Booth as a rebuttal witness. His description of the events of November 6 corresponded with Sanders's testimony.

3

The trial court found that appellant: (1) unlawfully resisted Sanders, an officer performing his duties, by pulling away, fighting, and attempting to strike the officer;[2] (2) unlawfully resisted Booth in the same manner; (3) obstructed officer Steven Malone, one of the backup officers, in the discharge of his duties by refusing to follow his commands;[3] and (4) assaulted Malone by pulling away, fighting, and attempting to strike him. In his first point of error, appellant contends that the evidence is factually insufficient to support these findings.

The decision to proceed to adjudication of guilt is reviewable in the same manner as a revocation of ordinary community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2008). Although appellant's point is stated as a challenge to the factual sufficiency of the evidence, he acknowledges in his brief that the factual sufficiency standard of review does not apply to revocations of community supervision and thus, by extension, does not apply to decisions to adjudicate. *See Davila v. State*, 173 S.W.3d 195, 198 (Tex. App.—Corpus Christi 2005, no pet.); *Allbright v. State*, 13 S.W.3d 817, 818 (Tex. App.—Fort Worth 2000, pet. ref'd). Instead, we review the trial court's decision to adjudicate for an abuse of discretion. *See Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The trial court's decision must be supported by a preponderance of the evidence. *Id*. We consider the evidence at the adjudication hearing in the light most favorable to the court's ruling. *See Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App.

---

[2] A person who knowingly resists, by the use of force or threat of violence, an officer in the performance of his duty is guilty of a misdemeanor. *See* Okla. Stat. tit. 21, § 268.

[3] A person who willfully delays or obstructs an officer in the discharge or attempt to discharge any duty of his office is guilty of a misdemeanor. *See* Okla. Stat. tit. 21, § 540. "Willfully" implies a purpose or willingness to commit the act. *See id*. § 92. "Willfully" is equivalent to "knowingly." *Fairchild v. State*, 998 P.2d 611, 620 (Okla. Crim. App. 1999).

4

1981); *Mauney v. State*, 107 S.W.3d 693, 695 (Tex. App.—Austin 2003, no pet.). One ground, if proven, is sufficient to support the court's decision. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).

Appellant urges that the trial court's decision to proceed to adjudication was an abuse of its discretion because the evidence shows that he was prevented from complying with the officers' instructions by their own actions. He asserts that "Sanders went immediately from asking for identification to ordering Appellant out of the vehicle and attacking him." Appellant contends that he complied with Sanders's orders up to the point when the officer assaulted him. He notes that neither Sanders nor Booth testified that they attempted to give appellant any instructions or orders after Sanders shoved appellant against the car and then knocked him to the ground. Appellant points out that Sanders and Booth had a reason to testify falsely, as there is evidence that there was an ongoing internal affairs investigation of their actions during this incident. He also notes that there is evidence that Oklahoma authorities had dismissed a felony assault indictment, and that he was facing prosecution in that state only for the misdemeanor obstruction and resisting offenses.

In effect, appellant asks this Court to disregard the testimony of the Oklahoma police officers and to accept the defensive testimony as true. We must, however, view the evidence adduced at the hearing in the light most favorable to the trial court's ruling. The trial court was entitled to believe Sanders's testimony, and that testimony is sufficient to establish by a preponderance of the evidence that Sanders had probable cause to arrest appellant for obstruction and, as alleged in the motion to adjudicate, appellant resisted Sanders in the performance of his duty

5

by using force or threatening violence.[4] Because only one ground will support the trial court's decision to adjudicate, we need not decide if the evidence supports the court's other findings. Point of error one is overruled.

In his second point of error, appellant contends that the fifteen year sentence imposed by the trial court is unconstitutionally harsh. This was his first conviction. He had complied with the terms of his community supervision for over nine years before the Oklahoma incident. Appellant urges that the fifteen year sentence is grossly disproportionate considering the gravity of the offense and the sentences imposed for similar crimes.

Appellant did not raise this contention below and thus failed to preserve it for appeal. *See Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, no pet.); *Alberto v. State*, 100 S.W.3d 528, 530 (Tex. App.—Texarkana 2003, no pet.). Appellant's argument fails in any case. A person making an Eighth Amendment disproportionality claim must first show that the punishment is grossly excessive for the crime committed. *Harmelin v. Michigan*, 501 U S.957, 1005 (1991) (Kennedy, J., plurality op.). If that threshold showing is made, we then compare the challenged punishment to punishments imposed for similar crimes in the same jurisdiction and for the same crime in other jurisdictions. *Id*. at 1004-05 (citing *Solem v. Helm*, 463 U.S. 277, 290-92 (1983)).

Aggravated assault of a police officer is and was in 1997 a first degree felony. *See* Tex. Penal Code Ann. § 22.02(b)(2)(B) (West Supp. 2008). A sentence of fifteen years for this

---

[4] In Oklahoma, an officer may arrest an offender without warrant for an offense committed in the officer's presence. *See* Okla. Stat. tit. 22, § 196.

6

offense does not raise an inference of gross disproportionality, even for a first offense. *See Harmelin*, 501 U.S. at 1005. Moreover, there is no evidence in the record by which we may compare the punishment in this case with the punishment assessed for similar crimes in this jurisdiction or for the same crime in other jurisdictions. Point of error two is overruled.

The judgment of conviction is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed: October 14, 2009

Do Not Publish