# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00205-CR

**Richard Rogers Espinosa, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF CONCHO COUNTY, 51ST JUDICIAL DISTRICT
### NO. 1583, HONORABLE BEN WOODWARD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Richard Rogers Espinosa was placed on deferred adjudication community supervision after he pleaded guilty to aggravated assault. *See* Tex. Penal Code Ann. § 22.02 (West Supp. 2010). He was adjudicated guilty and sentenced to seven years' imprisonment after the trial court found that he had violated the conditions of his supervision by failing to make required payments, failing to submit an affidavit of inability to pay in lieu of the missed payments, and committing a subsequent offense. Appellant raises eight issues on appeal, but the only issue we address is his challenge to the sufficiency of the evidence regarding the subsequent offense. We find the evidence to be sufficient and affirm the conviction.

The motion to adjudicate alleged that appellant stole oilfield pipe valued at more than $1500 from R. C. Ramirez. Ramirez testified that he owns an oilfield equipment business in Eden. He arrived at his business on May 18, 2009, to discover that a flatbed trailer and approximately

150 joints of pipe were missing. Ramirez testified that the value of the stolen pipe was well over $1500. Ramirez identified State's exhibits 1 through 5 as photographs of his stolen trailer, which was found at a highway rest stop on or about November 1, 2009.

Stephanie Grose testified that she and her fiancé, Donovan Hinton, own a house and seventy acres of land twelve miles outside of Eden. Grose recalled that in early June 2009, Hinton received a late-night telephone call from appellant, Heath Chesser, and a man she knew only as Dusty. Hinton, in his own testimony, confirmed receiving the call, although he recalled the date as being later in June. Hinton testified that appellant and his companions told him that they "were bringing pipe somewhere and they weren't going to make it and needed to park the trailer and unload it on a different one." Hinton gave the men permission to leave the trailer on his property. Both Grose and Hinton testified that the trailer arrived at about 3:00 a.m. that night. Hinton said that he saw Chesser's pickup pulling the trailer, which was loaded with pipe.

Grose testified that the trailer and pipe remained on her property for about one month. She identified the trailer pictured in the State's exhibits as being the trailer that was left on her property. In early July 2009, she encountered appellant and Chesser moving the pipe from this trailer onto a second trailer. The men told Grose that they were taking the pipe that day and would return later for the trailer. In fact, they did not return for the trailer until that fall, just before hunting season.

Concho County deputy Felipe Bernal testified that on December 8, 2009, he received a telephone call from Joseph Megallen, appellant's brother-in-law. Megallen told Bernal that appellant had admitted to Megallen that he, Chesser, and Dusty McKinney stole a trailer loaded with

2

pipe and stored it at Hinton's place before selling the pipe and splitting the money. Megallen, who also testified, admitted talking to Bernal but denied telling the deputy that appellant was involved in the pipe theft. Megallen implied that Hinton was responsible for the theft.

The decision to proceed to adjudication of guilt is reviewable in the same manner as a revocation of "ordinary" community supervision. Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (West Supp. 2010). We review a decision to revoke community supervision, and by extension a decision to adjudicate, for an abuse of discretion. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Mauney v. State*, 107 S.W.3d 693, 695 (Tex. App.—Austin 2003, no pet.). A trial court abuses its discretion if the decision is so clearly wrong as to lie outside the zone within which reasonable persons might disagree. *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992); *Mauney*, 107 S.W.3d at 695. In the trial court, an order revoking community supervision must be supported by a preponderance of the evidence. *Cardona*, 665 S.W.2d at 493. We consider the evidence presented at the hearing in the light most favorable to the district court's findings. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); *Mauney*, 107 S.W.3d at 695. As the trier of fact, the trial court judges the credibility of witnesses and the weight to be given their testimony. *Garrett*, 619 S.W.2d at 174; *Mauney*, 107 S.W.3d at 695. The violation of a single condition of community supervision is sufficient to support a revocation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).

Applying these standards to the evidence adduced at the hearing below, we hold that the trial court did not abuse its discretion by granting the motion to adjudicate. A preponderance of the evidence supports the court's finding that appellant was a party to the theft alleged in the motion.

3

We need not address appellant's remaining issues, all of which relate to the other violations alleged by the State.

The judgment of conviction is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed:   November 17, 2010

Do Not Publish