TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-10-00205-CR





Richard Rogers Espinosa, Appellant

v.

The State of Texas, Appellee




FROM THE DISTRICT COURT OF CONCHO COUNTY, 51ST JUDICIAL DISTRICT
NO. 1583, HONORABLE BEN WOODWARD, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N
 
Appellant Richard Rogers Espinosa was placed on deferred adjudication community
supervision after he pleaded guilty to aggravated assault. See Tex. Penal Code Ann. § 22.02 (West
Supp. 2010). He was adjudicated guilty and sentenced to seven years’ imprisonment after the trial
court found that he had violated the conditions of his supervision by failing to make required
payments, failing to submit an affidavit of inability to pay in lieu of the missed payments, and
committing a subsequent offense. Appellant raises eight issues on appeal, but the only issue we
address is his challenge to the sufficiency of the evidence regarding the subsequent offense. We find
the evidence to be sufficient and affirm the conviction.
The motion to adjudicate alleged that appellant stole oilfield pipe valued at more than
$1500 from R. C. Ramirez. Ramirez testified that he owns an oilfield equipment business in Eden. 
He arrived at his business on May 18, 2009, to discover that a flatbed trailer and approximately
150 joints of pipe were missing. Ramirez testified that the value of the stolen pipe was well over
$1500. Ramirez identified State’s exhibits 1 through 5 as photographs of his stolen trailer, which
was found at a highway rest stop on or about November 1, 2009.
Stephanie Grose testified that she and her fiancé, Donovan Hinton, own a house and
seventy acres of land twelve miles outside of Eden. Grose recalled that in early June 2009, Hinton
received a late-night telephone call from appellant, Heath Chesser, and a man she knew only as
Dusty. Hinton, in his own testimony, confirmed receiving the call, although he recalled the date as
being later in June. Hinton testified that appellant and his companions told him that they “were
bringing pipe somewhere and they weren’t going to make it and needed to park the trailer and unload
it on a different one.” Hinton gave the men permission to leave the trailer on his property. Both
Grose and Hinton testified that the trailer arrived at about 3:00 a.m. that night. Hinton said that he
saw Chesser’s pickup pulling the trailer, which was loaded with pipe.
Grose testified that the trailer and pipe remained on her property for about one month. 
She identified the trailer pictured in the State’s exhibits as being the trailer that was left on her
property. In early July 2009, she encountered appellant and Chesser moving the pipe from this trailer
onto a second trailer. The men told Grose that they were taking the pipe that day and would
return later for the trailer. In fact, they did not return for the trailer until that fall, just before
hunting season.
Concho County deputy Felipe Bernal testified that on December 8, 2009, he received
a telephone call from Joseph Megallen, appellant’s brother-in-law. Megallen told Bernal that
appellant had admitted to Megallen that he, Chesser, and Dusty McKinney stole a trailer loaded with
pipe and stored it at Hinton’s place before selling the pipe and splitting the money. Megallen, who
also testified, admitted talking to Bernal but denied telling the deputy that appellant was involved
in the pipe theft. Megallen implied that Hinton was responsible for the theft.
The decision to proceed to adjudication of guilt is reviewable in the same manner as
a revocation of “ordinary” community supervision. Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b)
(West Supp. 2010). We review a decision to revoke community supervision, and by extension a
decision to adjudicate, for an abuse of discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex.
Crim. App. 1984); Mauney v. State, 107 S.W.3d 693, 695 (Tex. App.—Austin 2003, no pet.). A
trial court abuses its discretion if the decision is so clearly wrong as to lie outside the zone within
which reasonable persons might disagree. Cantu v. State, 842 S.W.2d 667, 682 (Tex. Crim. App.
1992); Mauney, 107 S.W.3d at 695. In the trial court, an order revoking community supervision
must be supported by a preponderance of the evidence. Cardona, 665 S.W.2d at 493. We consider
the evidence presented at the hearing in the light most favorable to the district court’s findings. 
Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); Mauney, 107 S.W.3d at 695. As the
trier of fact, the trial court judges the credibility of witnesses and the weight to be given
their testimony. Garrett, 619 S.W.2d at 174; Mauney, 107 S.W.3d at 695. The violation of a
single condition of community supervision is sufficient to support a revocation. Moore v. State,
605 S.W.2d 924, 926 (Tex. Crim. App. 1980).
Applying these standards to the evidence adduced at the hearing below, we hold that
the trial court did not abuse its discretion by granting the motion to adjudicate. A preponderance of
the evidence supports the court’s finding that appellant was a party to the theft alleged in the motion. 
We need not address appellant’s remaining issues, all of which relate to the other violations alleged
by the State.
The judgment of conviction is affirmed.
 
 
                                                __________________________________________
                                                J. Woodfin Jones, Chief Justice
Before Chief Justice Jones, Justices Puryear and Pemberton
Affirmed
Filed: November 17, 2010
Do Not Publish