# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-14-00140-CR
NO. 03-14-00141-CR
NO. 03-14-00142-CR
NO. 03-14-00143-CR
NO. 03-14-00144-CR
NO. 03-14-00145-CR

**Frank Howard McMarion, Appellant**

**v.**

**The State of Texas, Appellee**

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
NOS. D-1-DC-12-202825, D-1-DC-12-301804, D-1-DC-12-301865, D-1-DC-12-301944, D-1-DC-12-301971 & D-1-DC-12-301972, HONORABLE P. DAVID WAHLBERG, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In April 2013, appellant Frank Howard McMarion pleaded guilty to five charges of burglary of a habitation and one charge of unauthorized use of a motor vehicle (UUMV); he was placed on deferred-adjudication community supervision for a period of ten years for each of the burglary charges and five years for the UUMV charge. *See* Tex. Penal Code §§ 30.02(a), (c)(2) (burglary of a habitation, a second-degree felony), 31.07 (UUMV, a state-jail felony); *see also* Tex. Code Crim. Proc. art. 42.12 § 5 (deferred-adjudication community supervision). A mere four months later, the State filed a motion to proceed with adjudication of guilt based on several alleged violations of the terms and conditions of community supervision, including that appellant had

committed three subsequent aggravated robbery offenses. *See* Tex. Penal Code § 29.03 (aggravated robbery, a first-degree felony). At the hearing on the motion, appellant pleaded true to all of the allegations in the State's motion except those alleging the aggravated robbery offenses. The State presented evidence regarding the alleged new robberies. Based on appellant's plea of true and the trial court's finding by a preponderance of the evidence that appellant had committed the robberies as alleged, the court (1) granted the State's motion to proceed in each case, (2) adjudicated appellant guilty of the burglary and UUMV offenses, and (3) sentenced him to 20 years in prison for each burglary offense and 2 years in prison for the UUMV offense, all to be served concurrently. In a single issue on appeal, appellant contends the trial court abused its discretion in proceeding to an adjudication of guilt based on legally insufficient evidence that he committed the subsequent criminal offenses alleged in the State's motion. We will affirm.

The decision to proceed with an adjudication of guilt is reviewable in the same manner as a revocation of "ordinary" community supervision, that is, for an abuse of discretion. Tex. Code Crim. Proc. art. 42.12, § 5(b); *see Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). An order revoking supervision must be supported by a preponderance of the evidence. *Rickels*, 202 S.W.3d at 763; *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). We consider the evidence presented at the hearing in the light most favorable to the trial court's findings. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); *Mauney v. State*, 107 S.W.3d 693, 695 (Tex. App.—Austin 2003, no pet.). The violation of a single condition of supervision is sufficient to support a revocation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Atchison v. State*, 124 S.W.3d 755, 758 (Tex.

App.—Austin 2003, pet. ref'd). Thus, to prevail on appeal, an appellant must successfully challenge all of the trial court's findings that support revocation. *Silber v. State*, 371 S.W.3d 605, 611 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *see Jones v. State*, 571 S.W.2d 191, 193-94 (Tex. Crim. App. 1978). The trial court's judgment will be upheld if the evidence is sufficient under any ground alleged. *See Dunavin v. State*, 611 S.W.2d 91, 101 (Tex. Crim. App. 1981).

In each of the six cases, the State alleged that appellant violated the following terms and conditions of his community supervision:

1. failed to avoid persons of disreputable or harmful character;

2. failed to report to the probation officer as scheduled on April 9, 2013, May 13, 2013, June 25, 2013, and July 3, 2013;

3. failed to work faithfully at suitable employment;

4. failed to submit a urine/breath specimen as directed on April 30, 2013 and June 13, 2013;

5. failed to report to counseling through the Department's Counseling Center; and

6. committed three subsequent criminal offenses on July 27, 2013, namely aggravated robbery of Shasta Alverston, Heather Stone, and Melissa Scully.

In addition to the foregoing, the State alleged that appellant (1) failed to pay restitution in four of the burglary cases and was delinquent in the amounts of $20 or $25, depending on the case, (2) failed to pay court costs in the UUMV case and was delinquent in the amount of $10, and (3) failed to pay supervision and nonincarceration program fees in one of the burglary cases and was delinquent in the amounts of $120 and $45, respectively.

At the hearing on the State's motion, appellant pleaded true to all of the alleged violations except the aggravated robbery allegations. As to those allegations, the evidence admitted at the hearing included that (1) appellant, an African-American male, left his home with Derrick Williams and Deondre Flanagan, two African-American males, at around 1:00 a.m. on July 27 and was seen with the same two friends at his home later the same morning; (2) Alverston, Stone, and Scully were robbed at approximately 2:20 a.m. on July 27 by three unidentified African-American males, at least one of whom displayed what appeared to be a gun; (3) police were led to appellant's home on July 27 by a tracking application on one of the robbery victim's stolen cell phones; (4) the robbery victims' credit cards were found in a wallet in a dresser in appellant's bedroom and the wallet was suspected to belong to Flanagan because it contained his girlfriend's Texas identification card; (5) the robbery victims' drivers' licenses were found in a backpack in appellant's bedroom closet and the backpack was identified as belonging to Flanagan; and (6) a "KWA Adaptive Training Pistol" and magazine and a "Combat 6mm BB Gun" were found in appellant's vehicle. The record further reflects that about one hour before Alverston, Stone, and Scully were robbed, two men were also robbed, and a cell phone stolen in that incident was tracked in real time to the vicinity of the crime involving the three women. Several forms of identification for one of the male victims were found in Flanagan's backpack and the same victim's bank card was located in the unidentified wallet.

In addition to the foregoing, there is evidence in the record pertaining to several other robberies and burglaries that occurred during the three-day period of July 25, 2013 to July 27, 2013. In total there were 22 victims alleged to have been robbed in 11 incidents during that time period.

4

Among other evidence pertaining to these crimes, police officers testified that bank and identification cards and other property belonging to several of the crime victims were found in appellant's car, appellant's bedroom, the unidentified wallet in appellant's dresser, and Flanagan's backpack. Detective Steve Boline further testified that appellant had admitted to some unspecified degree of "involvement" in at least three of the incidents. *See* Tex. Penal Code § 7.02 (criminal responsibility for conduct of another).

Appellant pleaded true to violating several of the terms and conditions of community supervision. Because one violation will support the decision to adjudicate, and because the trial court expressly based his decision, at least in part, on appellant's plea of true to some of the allegations, we need not decide whether sufficient evidence supports the trial court's finding that appellant committed the subsequent offenses of aggravated robbery as alleged in the State's motion. *See* Tex. R. App. P. 47.1. We therefore overrule appellant's sole appellate issue and affirm the judgments adjudicating guilt.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed

Filed: December 23, 2014

Do Not Publish

5