NO. 07-08-00158-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



MARCH
30, 2010

 



 

KENDRICK DUJUAN REAGOR, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE CRIMINAL DISTRICT COURT 2
OF TARRANT COUNTY;

 

NO. 1011794D; HONORABLE WAYNE F. SALVANT, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

 

Appellant Kendrick Dujuan Reagor appeals from the
trial court=s judgment adjudicating him guilty of
aggravated sexual assault of a child, revoking his community supervision, and
sentencing him to twenty years imprisonment in the Institutional Division of
the Texas Department of Criminal Justice. 
By his point of error, he contends the trial court abused its discretion
because the State did not prove by a preponderance of the evidence that
appellant was in violation of his community supervision.  Finding no abuse of discretion, we affirm the
trial court=s judgment.

Background

In March 2006, appellant was charged
by indictment with the offense of aggravated sexual assault of a child.[1]  In February 2007, appellant plead
guilty.  The trial court entered an order
deferring adjudication and placed appellant on community supervision for a term
of ten years.  Appellant=s deferred adjudication was conditioned
on his compliance with specified terms and conditions.  The State filed its Petition to Proceed to
Adjudication in September 2007, alleging appellant failed to register as a sex
offender,[2]
failed to notify his supervision officer of a change in home address, and
failed to attend and participate fully in and successfully complete required
treatment.  At the May 2008 hearing,
appellant plead Anot true@ to each of the State=s allegations.  The State presented the testimony of an
Arlington police detective, appellant=s community supervision officer and other witnesses to show
appellant violated the terms of his community supervision.  Appellant testified on his own behalf.

After hearing the evidence and
argument by counsel, the trial court found appellant committed the new offense
of failing to register as a sex offender on or about the 6th day of
August 2007 and found that on or about the 6th day of April, 2007
appellant did not reside at the residence reported and had never resided at the
reported address.[3]
The court adjudicated appellant guilty of sexual assault of a child, revoked
his community supervision, and assessed the sentence noted.  Appellant timely appealed.

Analysis

We review the trial court=s judgment revoking community
supervision under an abuse of discretion standard.  Rickels v. State, 202 S.W.3d 759, 763 (Tex.Crim.App.
2006).  We indulge all reasonable
inferences in a light favorable to the trial court=s ruling, Jones v. State, 589
S.W.2d 419, 421 (Tex.Crim.App. 1979) (panel op), and
sustain the order of revocation if the evidence substantiates a single
violation.  Jones v.
State, 571 S.W.2d 191, 193-94 (Tex.Crim.App.
1978) (panel op.).  Because a
revocation hearing is an administrative hearing rather than a criminal trial,
the State is required to prove a probation violation only by a preponderance of
the evidence.  Cobb
v. State, 851 S.W.2d 871, 873 (Tex.Crim.App.
1993).  The State thus meets its
burden when the greater weight of the credible evidence creates a reasonable
belief that the defendant violated a condition of his community
supervision.  Rickels,
202 S.W.3d at 764. 
If the State fails to meet its burden of proof, the trial court abuses
its discretion in revoking the community supervision.  Cardona v. State,
665 S.W.2d 492, 493-94 (Tex.Crim.App. 1984).

 

After review of the record, we find
we need address only one of the court’s findings to affirm its order.  Appellant testified at the hearing that he
reported the address of a particular apartment as his new registered address beginning
in late May or early June 2007.  The
Arlington police detective and appellant’s probation officer both testified to
their inability to locate appellant at the apartment on various occasions
during May, June and July 2007.[4]
 It appears undisputed appellant
never provided required documentation of his residence at the apartment.  Moreover, the apartment appellant claimed he
reported as his residence was occupied by two females, only one of whom
testified at the hearing.[5]  She told the court she was the lessee of the
apartment, and testified appellant never lived at the apartment, was never on
the lease, never helped pay rent or bills at that address, did not have a key
to the apartment and had never spent the night there.  

When the evidence is viewed in the
proper light, we find it preponderates in favor of the court’s finding
appellant violated sex offender address registration requirements. Because violation of a single condition of community supervision
will sustain revocation, Moore v. State, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980) (panel op.); Leach v. State, 170
S.W.3d 669, 672 (Tex.App.BFort Worth 2005,
pet. ref=d), the trial court did not abuse its
discretion by revoking appellant’s community supervision.  Accordingly, we overrule his point of error
and affirm the trial court’s judgment.  

Finding the trial court did not abuse
its discretion, we affirm the judgment of the trial court

 

                                                                                                                                    James
T. Campbell                                                                                                                                     Justice

 

 

Do not publish.

 

 

 

 

            








 











[1] 
See Tex. Penal Code Ann. ' 22.021(2)(B) (Vernon 2003). 





[2] 
A
person commits the offense of failure to comply with the requirements of the
sex offender registration laws if the person is required to register and fails
to comply with any requirement of the statute. 
See Tex. Code Crim. Proc. Ann. art. 62.102(a) (Vernon 2006). 





[3] 
The
State is free to prove a violation occurred any time before the filing of the
motion to revoke and during the probation period so long as the State pleads
the violation occurred Aon or about@ a specified date
and that it occurred while the defendant was on probation.  Mauney v. State, 107 S.W.3d 693, 695 (Tex.App.BAustin 2003, no
pet.), citing Labelle v. State, 720 S.W.2d 101, 104 (Tex.Crim.App.
1986).





[4]
The probation
officer said she found appellant at the address on one attempt, on June
26.  She also found appellant at the
apartment on July 31 but learned he did not have a key to the apartment.

 





[5]
Appellant testified the other roommate
was his friend.