NO. 07-08-00158-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MARCH 30, 2010

KENDRICK DUJUAN REAGOR, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE CRIMINAL DISTRICT COURT 2 OF TARRANT COUNTY;

NO. 1011794D; HONORABLE WAYNE F. SALVANT, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Kendrick Dujuan Reagor appeals from the trial court's judgment adjudicating him guilty of aggravated sexual assault of a child, revoking his community supervision, and sentencing him to twenty years imprisonment in the Institutional Division of the Texas Department of Criminal Justice.  By his point of error, he contends the trial court abused its discretion because the State did not prove by a preponderance of the evidence that appellant was in violation of his community supervision.  Finding no abuse of discretion, we affirm the trial court's judgment.

Background

In March 2006, appellant was charged by indictment with the offense of aggravated sexual assault of a child.[1] In February 2007, appellant plead guilty. The trial court entered an order deferring adjudication and placed appellant on community supervision for a term of ten years. Appellant's deferred adjudication was conditioned on his compliance with specified terms and conditions. The State filed its Petition to Proceed to Adjudication in September 2007, alleging appellant failed to register as a sex offender,[2] failed to notify his supervision officer of a change in home address, and failed to attend and participate fully in and successfully complete required treatment. At the May 2008 hearing, appellant plead "not true" to each of the State's allegations. The State presented the testimony of an Arlington police detective, appellant's community supervision officer and other witnesses to show appellant violated the terms of his community supervision. Appellant testified on his own behalf.

After hearing the evidence and argument by counsel, the trial court found appellant committed the new offense of failing to register as a sex offender on or about the 6th day of August 2007 and found that on or about the 6th day of April, 2007 appellant did not reside at the residence reported and had never resided at the reported

---

[1] *See* Tex. Penal Code Ann. § 22.021(2)(B) (Vernon 2003).

[2] A person commits the offense of failure to comply with the requirements of the sex offender registration laws if the person is required to register and fails to comply with any requirement of the statute. *See* Tex. Code Crim. Proc. Ann. art. 62.102(a) (Vernon 2006).

address.[3] The court adjudicated appellant guilty of sexual assault of a child, revoked his community supervision, and assessed the sentence noted. Appellant timely appealed.

Analysis

We review the trial court's judgment revoking community supervision under an abuse of discretion standard. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex.Crim.App. 2006). We indulge all reasonable inferences in a light favorable to the trial court's ruling, *Jones v. State,* 589 S.W.2d 419, 421 (Tex.Crim.App. 1979) (panel op), and sustain the order of revocation if the evidence substantiates a single violation. *Jones v. State,* 571 S.W.2d 191, 193-94 (Tex.Crim.App. 1978) (panel op.). Because a revocation hearing is an administrative hearing rather than a criminal trial, the State is required to prove a probation violation only by a preponderance of the evidence. *Cobb v. State,* 851 S.W.2d 871, 873 (Tex.Crim.App. 1993). The State thus meets its burden when the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of his community supervision. *Rickels,* 202 S.W.3d at 764. If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the community supervision. *Cardona v. State,* 665 S.W.2d 492, 493-94 (Tex.Crim.App. 1984).

---

[3] The State is free to prove a violation occurred any time before the filing of the motion to revoke and during the probation period so long as the State pleads the violation occurred "on or about" a specified date and that it occurred while the defendant was on probation. *Mauney v. State,* 107 S.W.3d 693, 695 (Tex.App.–Austin 2003, no pet.), *citing Labelle v. State,* 720 S.W.2d 101, 104 (Tex.Crim.App. 1986).

After review of the record, we find we need address only one of the court's findings to affirm its order. Appellant testified at the hearing that he reported the address of a particular apartment as his new registered address beginning in late May or early June 2007. The Arlington police detective and appellant's probation officer both testified to their inability to locate appellant at the apartment on various occasions during May, June and July 2007.[4] It appears undisputed appellant never provided required documentation of his residence at the apartment. Moreover, the apartment appellant claimed he reported as his residence was occupied by two females, only one of whom testified at the hearing.[5] She told the court she was the lessee of the apartment, and testified appellant never lived at the apartment, was never on the lease, never helped pay rent or bills at that address, did not have a key to the apartment and had never spent the night there.

When the evidence is viewed in the proper light, we find it preponderates in favor of the court's finding appellant violated sex offender address registration requirements. Because violation of a single condition of community supervision will sustain revocation, *Moore v. State,* 605 S.W.2d 924, 926 (Tex.Crim.App. 1980) (panel op.); *Leach v. State,* 170 S.W.3d 669, 672 (Tex.App.–Fort Worth 2005, pet. ref'd), the trial court did not abuse its discretion by revoking appellant's community supervision. Accordingly, we overrule his point of error and affirm the trial court's judgment.

---

[4] The probation officer said she found appellant at the address on one attempt, on June 26. She also found appellant at the apartment on July 31 but learned he did not have a key to the apartment.

[5] Appellant testified the other roommate was his friend.

4

Finding the trial court did not abuse its discretion, we affirm the judgment of the trial court

James T. Campbell
Justice

Do not publish.