Darryl Lynn **BARRETT**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. A14–81–286CR.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 28, 1982.

Robert Clark, Abeline, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C. J., and JUNELL and PRICE, JJ.

J. CURTISS BROWN, Chief Justice.

This is an appeal from an order revoking probation.

On November 6, 1979, Darryl Lynn Barrett, appellant, was found guilty on three counts of burglary of a motor vehicle with intent to commit theft. His sentence of six years confinement in the Texas Department of Corrections was probated.

On or about August 25, 1980, the State filed a Motion to Revoke Probation claiming appellant had violated a condition of probation that he "commit no offense against the laws of this or any other State or the United States." The motion alleged that appellant

on or about August 6, 1980 did then and there unlawfully while in the course of committing theft of property owned by Edwin Belker, hereafter styled the Complainant, and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place the Complainant in fear of imminent bodily injury and death, and by using and exhibiting a deadly weapon, namely, a firearm.

A trial to the court was commenced on October 27, 1980, for the purpose of determining both whether appellant was guilty of the alleged offense and whether the condition of probation had been violated. As a result, appellant was found guilty of aggravated robbery and was also found to be in violation of the condition of probation. The Order Revoking Probation and Sentence stated appellant had violated the terms of his probation in that "he *committed* the offense of aggravated robbery."

This appeal concerns only the revocation of probation. Appellant brings one ground of error claiming abuse of discretion by the trial court in revoking probation based upon a conviction that was not final.

In *Barrientez v. State*, 500 S.W.2d 474 (Tex.Cr.App.1973), the Court of Criminal Appeals held that when the motion and order to revoke probation are worded to the effect that the accused *committed* an offense, the basis of the revocation of probation is the commission of the offense and not the conviction therefor. It is obvious that the motion and order before us are so worded, and it is on this point that the cases of *Harris v. State*, 169 Tex.Cr.R. 71, 331 S.W.2d 941 (1960), and *Prince v. State*, 503 S.W.2d 777 (Tex.Cr.App.1974), relied upon by appellant, are distinguishable.

■ In the case before us the hearing on the Motion to Revoke Probation was held simultaneously with the trial for aggravated robbery due to the fact they were based upon the same event with essentially the same issues. However, the two causes of action were independent of each other. A hearing to revoke probation, while taking the form of a trial, is not a criminal proceeding. The burden of proof for a hearing

to determine violation of a condition of probation is by a preponderance of the evidence, not beyond a reasonable doubt. *Bradley v. State*, 608 S.W.2d 652, 656 (Tex. Cr.App.1980); *Russell v. State*, 551 S.W.2d 710, 714 (Tex.Cr.App.1977); *Bradley v. State*, 564 S.W.2d 727 (Tex.Cr.App.1978). Therefore, it would be possible for appellant to have been acquitted of the offense of aggravated robbery and still have his probation revoked.

█ In fact, the State proved the elements of aggravated robbery beyond a reasonable doubt. And even though mandate has not issued on the cause, as it has been appealed, the trial court was well within its discretion in finding by a preponderance of the evidence that an offense was committed and in ordering appellant's probation revoked. *Barrientez, supra.*

Affirmed.