# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00381-CR

**Eric Alan Moore, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
NO. 67109, HONORABLE JOHN GAUNTT, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Eric Alan Moore, Jr. appeals the district court's judgment adjudicating guilt, revoking his probation, and sentencing him to six years in prison. He contends the revocation of his probation was an abuse of the court's discretion because the victim denied the assault occurred and another witness's testimony about the assault was not credible. We will affirm the district court's judgment.

## BACKGROUND

Moore was indicted in 2010 for aggravated assault with a deadly weapon. *See* Tex. Penal Code § 22.02. He entered into a plea agreement placing him on deferred-adjudication probation for ten years. The first condition of his probation was that he "neither commit nor be convicted of any offense against the laws of the State of Texas."

On an early morning in 2014, Moore and his girlfriend Jaquilla Scott got into an argument. Moore kicked in the door of her apartment, and then the altercation moved outside. The

noise from the quarrel and the cries of the couple's child woke the neighbors. A few of them went outside and attempted to stop the altercation. One of the neighbors, Peatreia Spells, testified that she heard another neighbor, Shanta Britton, yelling "Stop hitting her!" Spells grabbed her gun and placed it in her jacket pocket before stepping outside her apartment. When she saw that Moore had Scott by the hair and was punching her, Spells threatened to shoot Moore if he hit Scott again. She then called the police at Scott's request. After the police arrived, they took pictures of Scott and the scene of the argument and spoke with Moore, Scott, and neighbors who witnessed the argument. The neighbors reported that Moore struck Scott, consistent with Scott's injuries, including her "busted lip" that officers saw and photographed. Based on the witnesses' statements and the officers' observations, the officers concluded there was probable cause to believe the assault took place and arrested Moore.

The State subsequently filed a motion to adjudicate Moore's guilt and revoke his probation, alleging that he violated it by committing the offense of assault family violence. *See* Tex. Code Crim. Proc. art. 42.12, § 5(b) (providing adjudication procedure for violation of condition of community supervision); Tex. Penal Code § 22.01 (defining offense of assault). At the subsequent hearing on the motion, Moore pled "not true" to the allegations, and in her testimony Scott denied that Moore hit her. Three neighbors testified otherwise. At the conclusion of the hearing, the court found the State's allegations to be true, revoked Moore's probation, and sentenced him. Moore then filed this appeal.

## DISCUSSION

In one issue on appeal, Moore challenges the sufficiency of the evidence supporting the district court's judgment, emphasizing Scott's testimony that he did not assault her and challenging the credibility of Spells's testimony.

We review an appeal from a revocation of probation under an abuse of discretion standard, taking into account the sufficiency of the evidence supporting the basis for revocation. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013).  Abuse of discretion occurs "only when the trial judge's decision was so clearly wrong as to lie outside the zone within which reasonable persons might disagree." *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992). A trial court abuses its discretion in revoking probation if the State fails to prove by a preponderance of the evidence that a violation of probation occurred.  *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993).  In this context, "a preponderance of the evidence" means "the greater weight of the credible evidence which would create a reasonable belief that the defendant violated a condition of his probation."  *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim App. 2006); *see Moore v. State*, No. 03-08-00097-CR, 2008 Tex. App. LEXIS 8138, at *3 (Tex. App.—Austin Oct. 24, 2008, pet. ref'd) (mem. op., not designated for publication).

The degree of proof required to establish the truth of the allegation in a motion to revoke probation is not the same as a criminal prosecution. *Hacker*, 389 S.W.3d at 865.  This means that a defendant may be acquitted of a crime and still have his probation revoked based on the same act because a preponderance-of-the-evidence standard—rather than beyond-a-reasonable-doubt standard—applies to revocation proceedings. *See Barrett v. State*, 630 S.W.2d 335, 336-37 (Tex. App.—Houston [14th Dist.] 1982, no writ).  We do not engage in a "divide and conquer"

strategy to evaluate the sufficiency of evidence but consider the combined and cumulative force of all the evidence before the trial court, *id*. at 873, viewed in the light most favorable to its ruling, *Mauney v. State*, 107 S.W.3d 693, 695 (Tex. App.—Austin 2003, no pet.).  The trial judge is the sole judge of the credibility of the witnesses and the weight to be given to their testimony.  *Mauney*, 107 S.W.3d at 695.

**Sufficiency of evidence supporting violation**

Moore contends that there is insufficient evidence supporting the district court's judgment because Scott testified that Moore did not hit her.  Because Scott denied the assault, Moore asserts the court abused its discretion in finding that the assault occurred.  We disagree.

The court heard Scott testify that she did not wish to be at the hearing.  She stated that she lived with Moore, who was her boyfriend and the father of one of her children, and that Moore cared for her children while she worked.  She admitted that she continued to live with Moore even after their altercation.[1]  The court also heard an investigating officer[2] testify that Moore's mother came to the scene and told Scott to tell the police that Moore did not hit her.[3]  Scott testified that Moore did not hit her.

---

[1]  When the first half of the hearing recessed and before Scott testified, the district court ordered Moore not to have any contact with Scott until the hearing concluded.

[2]  Officer Kyle Moore of the Killeen Police Department testified about the investigation. We refer to him by his title because he has the same last name as appellant.

[3]  The officer also testified that he showed Scott's injury to Moore's mother, "And, then, that's when she looked at her lip and she was kind of like, okay, well, maybe he messed up."

But other evidence at the hearing conflicted with Scott's testimony, including police photographs of her taken at the scene and the testimony of her neighbors. Police photographs show Scott's facial injury, a "busted" lip. When the prosecutor told Scott, "We have seen your busted lip," Scott began to cry. She offered no explanation for her injury. Spells testified that she saw Moore hold Scott by the hair and repeatedly hit her "in her face and in her head" and that he did not stop until Spells, without drawing her gun, threatened to shoot him. Britton, another of Scott's neighbors, similarly testified that Moore hit Scott in "the face area." And another of Scott's neighbors, Gina Erwin, who did not know Moore or Scott, testified that she heard sounds, opened her apartment door, and saw "the guy get on top of her and start hitting on her," "just wailing on her head." When asked about this testimony, Scott said she did not know why her neighbors would go to court and tell the judge that they saw Moore hitting her if it had not happened.

Moore does not challenge the testimony from Britton or Erwin, but he contends that Spells "embellished" her testimony to justify bringing a gun with her and threatening to shoot him. However, the district court was entrusted with determining whether the testimony from Scott and her neighbors was credible and reconciling any conflicts in their testimony. *See Hacker*, 389 S.W.3d at 865. After considering the combined and cumulative force of all the evidence, the district court could have rejected Scott's denial of the assault as not credible and found that the neighbors' testimony that Moore hit Scott was credible. *See id*. at 873. Testimony from Scott's neighbors also aligns with the depiction of Scott's injuries in police photographs.

Viewing the evidence and reasonable inferences therefrom in the light most favorable to the district court's ruling, we conclude that the greater weight of credible evidence in this record supports the court's reasonable belief that Moore violated a condition of his probation by

5

assaulting Scott.  As such, the court did not abuse its discretion by revoking Moore's probation and adjudicating his guilt.  We overrule Moore's sole issue on appeal.

## CONCLUSION

We affirm the district court's judgment.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Affirmed

Filed:   June 24, 2015

Do Not Publish