ACCEPTED
03-14-00381-CR
5824472
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/25/2015 1:57:09 PM
JEFFREY D. KYLE
CLERK

# KRISTEN JERNIGAN
## ATTORNEY AT LAW
### 207 S. AUSTIN AVE., GEORGETOWN, TEXAS 78626
### (512) 904-0123 (AUSTIN AREA)    (832) 642-3081 (HOUSTON AREA)
### KRISTEN@TXCRIMAPP.COM

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/25/2015 1:57:09 PM
JEFFREY D. KYLE
Clerk

CRIMINAL LAW           BOARD CERTIFIED*          CRIMINAL APPELLATE LAW

June 25, 2015

VIA CERTIFIED MAIL, RRR # 7014 2120 0004 1503

Eric Alan Moore, Jr.
TDCJ No. 01936595
Ferguson Unit
12120 Savage Drive
Midway, Texas 75852-3654

  Re: *Eric Alan Moore, Jr. v. The State of Texas*, No. 03-14-00381-CR

Dear Eric:

  I have enclosed a copy of the Court of Appeals' opinion in your case. Unfortunately, your conviction and sentence were affirmed by the Court. The Court's opinion was issued on June 24, 2015. You now have the right to file a *pro se* Petition for Discretionary Review. That Petition is due within thirty days of the date of the Court's opinion, making it due on or before July 24, 2015. As a courtesy, I have filed an extension of that filing deadline with the Court of Criminal Appeals, which I have enclosed. If that motion is granted, your petition will be due on or before September 22, 2015. I have enclosed a copy of the relevant Rules of Appellate Procedure that apply to petitions for discretionary review so that you will know the deadlines and requirements for filing the petition. When you file the petition, be sure to attach a copy of the Court of Appeals' opinion. I urge you to contact the Bell County District Clerk to obtain the records you may need to draft your petition. In addition I have attached a motion you can file with the Court of Appeals to obtain a copy of your appellate record.

The Bell County District Clerk's address is:

Bell County District Clerk
1200 Huey Road
Belton, Texas 76513

The Court of Appeals address is:

Third Court of Appeals
P.O. Box 12547
Austin, Texas 78711

The Texas Court of Criminal Appeals address is:

Texas Court of Criminal Appeals
P.O. Box 12308
Austin, Texas 78711

I wish you the best of luck.

Sincerely,

/s/ Kristen Jernigan

Kristen Jernigan

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00381-CR

**Eric Alan Moore, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 67109, HONORABLE JOHN GAUNTT, JUDGE PRESIDING

## MEMORANDUM OPINION

Eric Alan Moore, Jr. appeals the district court's judgment adjudicating guilt, revoking his probation, and sentencing him to six years in prison. He contends the revocation of his probation was an abuse of the court's discretion because the victim denied the assault occurred and another witness's testimony about the assault was not credible. We will affirm the district court's judgment.

### BACKGROUND

Moore was indicted in 2010 for aggravated assault with a deadly weapon. *See* Tex. Penal Code § 22.02. He entered into a plea agreement placing him on deferred-adjudication probation for ten years. The first condition of his probation was that he "neither commit nor be convicted of any offense against the laws of the State of Texas."

On an early morning in 2014, Moore and his girlfriend Jaquilla Scott got into an argument. Moore kicked in the door of her apartment, and then the altercation moved outside. The

noise from the quarrel and the cries of the couple's child woke the neighbors. A few of them went outside and attempted to stop the altercation. One of the neighbors, Peatreia Spells, testified that she heard another neighbor, Shanta Britton, yelling "Stop hitting her!" Spells grabbed her gun and placed it in her jacket pocket before stepping outside her apartment. When she saw that Moore had Scott by the hair and was punching her, Spells threatened to shoot Moore if he hit Scott again. She then called the police at Scott's request. After the police arrived, they took pictures of Scott and the scene of the argument and spoke with Moore, Scott, and neighbors who witnessed the argument. The neighbors reported that Moore struck Scott, consistent with Scott's injuries, including her "busted lip" that officers saw and photographed. Based on the witnesses' statements and the officers' observations, the officers concluded there was probable cause to believe the assault took place and arrested Moore.

The State subsequently filed a motion to adjudicate Moore's guilt and revoke his probation, alleging that he violated it by committing the offense of assault family violence. *See* Tex. Code Crim. Proc. art. 42.12, § 5(b) (providing adjudication procedure for violation of condition of community supervision); Tex. Penal Code § 22.01 (defining offense of assault). At the subsequent hearing on the motion, Moore pled "not true" to the allegations, and in her testimony Scott denied that Moore hit her. Three neighbors testified otherwise. At the conclusion of the hearing, the court found the State's allegations to be true, revoked Moore's probation, and sentenced him. Moore then filed this appeal.

2

## DISCUSSION

In one issue on appeal, Moore challenges the sufficiency of the evidence supporting the district court's judgment, emphasizing Scott's testimony that he did not assault her and challenging the credibility of Spells's testimony.

We review an appeal from a revocation of probation under an abuse of discretion standard, taking into account the sufficiency of the evidence supporting the basis for revocation. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). Abuse of discretion occurs "only when the trial judge's decision was so clearly wrong as to lie outside the zone within which reasonable persons might disagree." *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992). A trial court abuses its discretion in revoking probation if the State fails to prove by a preponderance of the evidence that a violation of probation occurred. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). In this context, "a preponderance of the evidence" means "the greater weight of the credible evidence which would create a reasonable belief that the defendant violated a condition of his probation." *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim App. 2006); *see Moore v. State*, No. 03-08-00097-CR, 2008 Tex. App. LEXIS 8138, at *3 (Tex. App.—Austin Oct. 24, 2008, pet. ref'd) (mem. op., not designated for publication).

The degree of proof required to establish the truth of the allegation in a motion to revoke probation is not the same as a criminal prosecution. *Hacker*, 389 S.W.3d at 865. This means that a defendant may be acquitted of a crime and still have his probation revoked based on the same act because a preponderance-of-the-evidence standard—rather than beyond-a-reasonable-doubt standard—applies to revocation proceedings. *See Barrett v. State*, 630 S.W.2d 335, 336-37 (Tex. App.—Houston [14th Dist.] 1982, no writ). We do not engage in a "divide and conquer"

3

strategy to evaluate the sufficiency of evidence but consider the combined and cumulative force of all the evidence before the trial court, *id.* at 873, viewed in the light most favorable to its ruling, *Mauney v. State*, 107 S.W.3d 693, 695 (Tex. App.—Austin 2003, no pet.). The trial judge is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Mauney*, 107 S.W.3d at 695.

**Sufficiency of evidence supporting violation**

Moore contends that there is insufficient evidence supporting the district court's judgment because Scott testified that Moore did not hit her. Because Scott denied the assault, Moore asserts the court abused its discretion in finding that the assault occurred. We disagree.

The court heard Scott testify that she did not wish to be at the hearing. She stated that she lived with Moore, who was her boyfriend and the father of one of her children, and that Moore cared for her children while she worked. She admitted that she continued to live with Moore even after their altercation.[1] The court also heard an investigating officer[2] testify that Moore's mother came to the scene and told Scott to tell the police that Moore did not hit her.[3] Scott testified that Moore did not hit her.

---

[1] When the first half of the hearing recessed and before Scott testified, the district court ordered Moore not to have any contact with Scott until the hearing concluded.

[2] Officer Kyle Moore of the Killeen Police Department testified about the investigation. We refer to him by his title because he has the same last name as appellant.

[3] The officer also testified that he showed Scott's injury to Moore's mother, "And, then, that's when she looked at her lip and she was kind of like, okay, well, maybe he messed up."

But other evidence at the hearing conflicted with Scott's testimony, including police photographs of her taken at the scene and the testimony of her neighbors. Police photographs show Scott's facial injury, a "busted" lip. When the prosecutor told Scott, "We have seen your busted lip," Scott began to cry. She offered no explanation for her injury. Spells testified that she saw Moore hold Scott by the hair and repeatedly hit her "in her face and in her head" and that he did not stop until Spells, without drawing her gun, threatened to shoot him. Britton, another of Scott's neighbors, similarly testified that Moore hit Scott in "the face area." And another of Scott's neighbors, Gina Erwin, who did not know Moore or Scott, testified that she heard sounds, opened her apartment door, and saw "the guy get on top of her and start hitting on her," "just wailing on her head." When asked about this testimony, Scott said she did not know why her neighbors would go to court and tell the judge that they saw Moore hitting her if it had not happened.

Moore does not challenge the testimony from Britton or Erwin, but he contends that Spells "embellished" her testimony to justify bringing a gun with her and threatening to shoot him. However, the district court was entrusted with determining whether the testimony from Scott and her neighbors was credible and reconciling any conflicts in their testimony. *See Hacker*, 389 S.W.3d at 865. After considering the combined and cumulative force of all the evidence, the district court could have rejected Scott's denial of the assault as not credible and found that the neighbors' testimony that Moore hit Scott was credible. *See id.* at 873. Testimony from Scott's neighbors also aligns with the depiction of Scott's injuries in police photographs.

Viewing the evidence and reasonable inferences therefrom in the light most favorable to the district court's ruling, we conclude that the greater weight of credible evidence in this record supports the court's reasonable belief that Moore violated a condition of his probation by

5

assaulting Scott. As such, the court did not abuse its discretion by revoking Moore's probation and adjudicating his guilt. We overrule Moore's sole issue on appeal.

## CONCLUSION

We affirm the district court's judgment.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Affirmed

Filed: June 24, 2015

Do Not Publish

6

opinion without modifying its judgment, the Court will ordinarily deny a second motion for rehearing unless the new opinion is substantially different from the original opinion.

## Rule 65. Enforcement of Judgment after Mandate

### 65.1. Statement of Costs

The Supreme Court clerk will prepare, and send to the clerk to whom the mandate is directed, a statement of costs showing:

(a) the costs that were incurred in the Supreme Court, with a notation of those items that have been paid and those that are owing; and

(b) the party or parties against whom costs have been adjudged.

### 65.2. Enforcement of Judgment

If the Supreme Court renders judgment, the trial court need not make any further order. Upon receiving the Supreme Court's mandate, the trial court clerk must proceed to enforce the judgment of the Supreme Court's as in any other case. Appellate court costs must be included with the trial court costs in any process to enforce the judgment. If all or part of the costs are collected, the trial court clerk must immediately remit to the appellate court clerk any amount due to that clerk.

### Notes and Comments

Comment to 1997 change: Subdivision 65.1 is new. Subdivision 65.2 is from former Rule 183.

## SECTION FIVE: PROCEEDINGS IN THE COURT OF CRIMINAL APPEALS

## Rule 66. Discretionary Review in General

### 66.1. With or Without Petition

The Court of Criminal Appeals may review a court of appeals' decision in a criminal case on its own initiative under Rule 67 or on the petition of a party under Rule 68.

### 66.2. Not a Matter of Right

Discretionary review by the Court of Criminal Appeals is not a matter of right, but of the Court's discretion.

### 66.3. Reasons for Granting Review

While neither controlling nor fully measuring the Court of Criminal Appeals' discretion, the following will be considered by the Court in deciding whether to grant discretionary review:

(a) whether a court of appeals' decision conflicts with another court of appeals' decision on the same issue;

(b) whether a court of appeals has decided an important question of state or federal law that has not been, but should be, settled by the Court of Criminal Appeals;

(c) whether a court of appeals has decided an important question of state or federal law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals or the Supreme Court of the United States;

(d) whether a court of appeals has declared a statute, rule, regulation, or ordinance unconstitutional, or appears to have misconstrued a statute, rule, regulation, or ordinance;

(e) whether the justices of a court of appeals have disagreed on a material question of law necessary to the court's decision; and

(f) whether a court of appeals has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by a lower court, as to call for an exercise of the Court of Criminal Appeals' power of supervision.

### 66.4. Documents to Aid Decision

(a) *Acquiring Documents.* The Court of Criminal Appeals — or any judge of the Court — may order the court of appeals clerk to promptly send the following items to the Court in order to aid it in deciding whether to grant discretionary review:

(1) the appellate record;

(2) a copy of the opinions of the court of appeals;

(3) a copy of the motions filed in the court of appeals; and

(4) certified copies of any judgment or order of the court of appeals.

(b) *Return of Documents.* If discretionary review is not granted, the clerk of the Court of Criminal Appeals will return the appellate record to the court of appeals clerk.

**Notes and Comments**

Comment to 1997 change: This is former Rule 200. The former rule's reference to motions for rehearing now appears in Rule 49.9. The rule is otherwise amended without substantive change.

### Rule 67. Discretionary Review Without Petition

#### 67.1. Four Judges' Vote

By a vote of at least four judges, the Court of Criminal Appeals may grant review of a court of appeals' decision in a criminal case at any time before the mandate of the court of appeals issues. An order granting review will be filed with the clerk of the Court of Criminal Appeals, who must send a copy to the court of appeals clerk.

#### 67.2. Order Staying Mandate

To provide enough time for the Court of Criminal Appeals to decide whether to grant discretionary review under 67.1, the Court — or any judge of the Court — may file with the clerk of the court of appeals an order staying the court of appeals' mandate. The order must be signed by a judge of the Court of Criminal Appeals. The clerk of the Court of Criminal Appeals must immediately send a copy of the order to the court of appeals clerk.

#### 67.3. Time to Issue Mandate Extended

Unless otherwise limited in the order itself, an order staying the court of appeals' mandate under 67.2 will extend for an additional 45 days the time before issuance of the court of appeals' mandate. An order granting review prevents the issuance of the court of appeals' mandate pending the further order of the Court of Criminal Appeals. If four judges do not agree to grant review within that time the court of appeals clerk must issue the mandate.

**Notes and Comments**

Comment to 1997 change: This is former Rule 201. The rule is amended without substantive change.

Comment to 2000 change: Language which was in the catchline of former Rule 201 has been deleted from Rule 67.1, to restore the substance of the rule, and to remove any implication that the court may not grant review on its own motion when a petition for discretionary review has been filed.

### Rule 68. Discretionary Review With Petition

#### 68.1. Generally

On petition by any party, the Court of Criminal Appeals may review a court of appeals' decision in a criminal case.

#### 68.2. Time to File Petition

(a) *First Petition.* The petition must be filed within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by the court of appeals.

(b) *Subsequent Petition.* Even if the time specified in (a) has expired, a party who otherwise may file a petition may do so within 10 days after the timely filing of another party's petition.

(c) *Extension of Time.* The Court of Criminal Appeals may extend the time to file a petition for discretionary review if a party files a motion complying with Rule 10.5(b) no later than 15 days after the last day for filing the petition. The Court of Criminal Appeals may extend the time to file a response or reply if a party files a motion complying with Rule 10.5(b) either before or after the response or reply is due.

**Notes and Comments**

Comment to 2011 change: The amendment to Rule 68.2(a) resolves timely filing questions concerning motions for en banc reconsideration by including those motions in calculating time to file.

#### 68.3. Where to File Petition

(a) The petition and all copies of the petition must be filed with the clerk of the Court of Criminal Appeals.

(b) Petition Filed in Court of Appeals. If a petition is mistakenly filed in the court of appeals, the petition is deemed to have been filed the same day with the clerk of the Court of Criminal Appeals, and the court of appeals clerk must immediately send the petition to the clerk of the Court of Criminal Appeals.

**Notes and Comments**

Comment to 2011 change: Rule 68.3 is changed to require petitions for discretionary review to be filed in the Court of Criminal Appeals rather than in the court of appeals. With the deletion of Rule 50, there is no reason to file petitions in the court of appeals. Rule 68.3(b) is added to address and prevent the untimely filing of petitions for discretionary review that are

incorrectly filed in the court of appeals rather than in the Court of Criminal Appeals.

## 68.4. Contents of Petition

A petition for discretionary review must be as brief as possible. It must be addressed to the "Court of Criminal Appeals of Texas" and must state the name of the party or parties applying for review. The petition must contain the following items:

(a) *Identity of Judge, Parties, and Counsel.* The petition must list the trial court judge, all parties to the judgment or order appealed from, and the names and addresses of all trial and appellate counsel.

(b) *Table of Contents.* The petition must include a table of contents with references to the pages of the petition. The table of contents must indicate the subject matter of each ground or question presented for review.

(c) *Index of Authorities.* The petition must include an index of authorities arranged alphabetically and indicating the pages of the petition where the authorities are cited.

(d) *Statement Regarding Oral Argument.* The petition must include a short statement of why oral argument would be helpful, or a statement that oral argument is waived. If a reply or cross-petition is filed, it likewise must include a statement of why oral argument should or should not be heard.

(e) *Statement of the Case.* The petition must state briefly the nature of the case. This statement should seldom exceed half a page. The details of the case should be reserved and stated with the pertinent grounds or questions.

(f) *Statement of Procedural History.* The petition must state:

(1) the date any opinion of the court of appeals was handed down, or the date of any order of the court of appeals disposing of the case without an opinion;

(2) the date any motion for rehearing was filed (or a statement that none was filed); and

(3) the date the motion for rehearing was overruled or otherwise disposed of.

(g) *Grounds for Review.* The petition must state briefly, without argument, the grounds on which the petition is based. The grounds must be separately numbered.

If the petitioner has access to the record, the petitioner must (after each ground) refer to the page of the record where the matter complained of is found. Instead of listing grounds for review, the petition may contain the questions presented for review, expressed in the terms and circumstances of the case but without unnecessary detail. The statement of questions should be short and concise, not argumentative or repetitious.

(h) *Argument.* The petition must contain a direct and concise argument, with supporting authorities, amplifying the reasons for granting review. *See* Rule 66.3. The court of appeals' opinions will be considered with the petition, and statements in those opinions need not be repeated if counsel accepts them as correct.

(i) *Prayer for Relief.* The petition must state clearly the nature of the relief sought.

(j) *Appendix.* The petition must contain a copy of any opinion of the court of appeals.

## 68.5. Deleted

## 68.6. Nonconforming Petition

The Court may strike, order redrawn, or summarily refuse a petition for discretionary review that is unnecessarily lengthy or that does not conform to these rules.

## 68.7. Court of Appeals Clerk's Duties

Within 15 days of receiving notice of the filing of a petition for discretionary review from the clerk of the Court of Criminal Appeals, the clerk of the court of appeals must send to the clerk of the Court of Criminal Appeals the record, any motions filed in the case, and copies of any judgments, opinions, and orders of the court of appeals. The clerk need not forward any nondocumentary exhibits unless ordered to do so by the Court of Criminal Appeals.

### Notes and Comments

Comment to 2011 change: Rule 68.7(a) and (b) are deleted and (c) is amended to reflect changes consistent with filing the petition and reply in the Court of Criminal Appeals rather than in the court of appeals, and to order the record to be sent to the Court of Criminal Appeals. Additionally, Rule 68.7(c) is amended to delete reference to Rule 50, which is abolished..

## 68.8. Court of Criminal Appeals Clerk's Duties

Upon receipt of the record from the court of appeals, the clerk of the Court of Criminal Appeals will file the record and enter the filing on the docket.

**Notes and Comments**

Comment to 2011 change: Rule 68.8 is amended to reflect changes consistent with filing the petition in the Court of Criminal Appeals.

**68.9 Reply.**

The opposing party has 15 days after the timely filing of the petition in the Court of Criminal Appeals to file a reply to the petition with the clerk of the Court of Criminal Appeals.

**Notes and Comments**

Comment to 2011 change. This Rule is added so that any reply will be filed in the Court of Criminal Appeals since the petition is also filed in the Court of Criminal Appeals.

**68.10. Amendment**

Upon motion the petition or a reply may be amended or supplemented at any time justice requires.

**Notes and Comments**

Comment to 2011 change: This Rule is changed to reflect the filing of the petition and any reply in the Court of Criminal Appeals. Thus, the rule is also changed to require a motion and to delete a time frame because the petition will be filed in the Court of Criminal Appeals.

**68.11. Service on State Prosecuting Attorney**

In addition to the service required by Rule 9.5, service of the petition, the reply, and any amendment or supplementation of a petition or reply must be made on the State Prosecuting Attorney.

**Notes and Comments**

Comment to 1997 change: This is former Rule 202. Subdivisions (k) and (l) of the former rule have been relocated to Rule 69. The new rule limits the length of a petition and reply. The time for amendment of a petition or reply is increased to conform with the amendment in Rule 50. The rule is otherwise amended without substantive change.

Comment to 2002 change: The original catchline of subdivision 68.4(g) was "Reasons for Review," which caused confusion because of its similarity to the catchline in subdivision 66.3 ("Reasons for Granting Review"). It is changed to "Argument."

Comment to 2011 change: The address for the State Prosecuting Attorney is deleted because it has changed and may change again.

**Rule 69. Action of Court on Petition for Discretionary Review and After Granting Review**

**69.1. Granting or Refusal**

If four judges do not vote to grant a petition for discretionary review, the Court will enter a docket notation that the petition is *refused*. If four judges vote to grant a petition, the Court will enter a docket notation that discretionary review is *granted*.

**69.2. Setting Case for Submission**

If discretionary review is granted, either on the petition of a party or by the Court on its own initiative, the case will be set for submission.

**69.3. Improvident Grant of Review**

If, after granting discretionary review, five judges are of the opinion that discretionary review should not have been granted, the case will be dismissed.

**69.4. Clerk's Duties**

(a) *On Refusal or Dismissal.* When the Court refuses or dismisses a petition, the clerk will send to the parties and the State Prosecuting Attorney a notice informing them that the petition was refused or dismissed. The clerk will retain the petition and all other items filed in the case for at least 15 days from the date of the refusal or dismissal. At the end of that time, if no motion for rehearing has been timely filed, or upon the overruling or dismissal of such a motion, the clerk will send to the court of appeals clerk a certified copy of the order refusing or dismissing the petition (as well as any order overruling a motion for rehearing). The clerk of the Court of Criminal Appeals will return the appellate record to the court of appeals clerk but will retain the petition, and other documents filed in the Court of Criminal Appeals.

(b) *On Granting Review.* If the Court grants discretionary review, the clerk will send to the parties and the State Prosecuting Attorney a notice informing them that discretionary review was granted.

**Notes and Comments**

Comment to 1997 change: This is former subdivisions (k) and (l) of Rule 202. Internal procedures of the Court are deleted. Provisions are added in 69.4(a) and (b) for the clerk to send notice of the granting, refusal, or dismissal of a petition for discretionary review. Other nonsubstantive changes are made.

## Rule 70. Brief on the Merits

### 70.1. Initial Brief

If review is granted, the petitioner — or, if there was no petition, the party who lost in the court of appeals — must file a brief within 30 days after review is granted.

### 70.2. Respondent's Brief

The opposing party must file a brief within 30 days after the petitioner's brief is filed.

### 70.3. Brief Contents and Form

Briefs must comply with the requirements of Rules 9 and 38, except that they need not contain ·the appendix (Rule 38.1(k)). Copies must be served as required by Rule 68.11.

### 70.4. Other Briefs

The Court of Criminal Appeals may direct that a party file a brief, or an additional brief, in a particular case. Additionally, upon motion by a party the Court may permit the filing of additional briefs.

**Notes and Comments**

Comment to 1997 change: This is former Rule 203. The rule is amended without substantive change.

## Rule 71. Direct Appeals

### 71.1. Direct Appeal

Cases in which the death penalty has been assessed under Code of Criminal Procedure article 37.071, and cases in which bail has been denied in non-capital cases under Article I, Section 11a of the Constitution, are appealed directly to the Court of Criminal Appeals.

### 71.2. Record

The appellate record should be prepared and filed in accordance with Rules 31, 32, 34, 35 and 37, except that the record must be filed in the Court of Criminal Appeals. After disposition of the appeal, the Court may discard copies of juror information cards or other portions of the clerk's record that are not relevant to an issue on appeal.

### 71.3. Briefs

Briefs in a direct appeal should be prepared and filed in accordance with Rule 38, except that the brief need not contain an appendix (Rule 38.1(k)). All briefs must be filed in the Court of Criminal Appeals. The brief must include a short statement of why oral argument would be helpful, or a statement that oral argument is waived.

### 71.4. Additional Briefs

Upon motion by a party the Court may permit the filing of additional briefs other than those provided for in Rule 38.

**Notes and Comments**

Comment to 1997 change: This is former Rule 210. The rule is extended to all direct appeals. A page limit is added for death penalty cases. Other nonsubstantive changes are made.

Comment to 2002 change: A requirement that briefs include a statement regarding oral argument is added.

## Rule 72. Extraordinary Matters

### 72.1. Leave to File

A motion for leave to file must accompany an original petition for writ of habeas corpus, mandamus, procedendo, prohibition, certiorari, or other extraordinary writ, or any other motion not otherwise provided for in these rules.

### 72.2. Disposition

If five judges tentatively believe that the case should be filed and set for submission, the motion for leave will be granted and the case will then be handled and disposed of in accordance with Rule 52.7. If the motion for leave is denied, no motions for rehearing or reconsideration will be entertained. But the Court may, on its own initiative, reconsider a denial of a motion for leave.

**Notes and Comments**

Comment to 1997 change: This is former Rule 211. The rule is amended to include all the Court's jurisdiction of extraordinary matters. Internal procedures of the Court are deleted. Other nonsubstantive changes are made.

## Rule 73. Postconviction Applications for Writs of Habeas Corpus

### 73.1. Form for Application Filed Under Article 11.07 of the Code of Criminal Procedure

In the
## COURT OF CRIMINAL APPEALS

On Appeal from the 264th Judicial District Court of
Bell County, Texas
Cause Number 67109; and the Opinion of the Third Court of Appeals
in Cause Number 03-14-00381-CR, Delivered June 24, 2015

## ERIC ALAN MOORE, JR.
*v.*
## THE STATE OF TEXAS

## MOTION FOR EXTENSION OF TIME TO FILE
## *PRO SE* PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW, Kristen Jernigan, the undersigned attorney of record for Eric Alan Moore, Jr., the Appellant, herein, and files this Motion for Extension of Time to File *Pro Se* Petition for Discretionary Review. As set out below, the undersigned respectfully requests a sixty-day extension so that Appellant can file his *Pro Se* Petition for Discretionary Review. In support of said motion, the undersigned would show the Court the following:

1.   Appellant's Petition for Discretionary Review is currently due in this case on July 24, 2015.

2.     Appellant seeks an extension of sixty days in which to file his Petition for Discretionary Review, making his Petition due on or before September 22, 2015.

3.     The undersigned counsel will not be representing Appellant after the filing of this motion.   Appellant will now have to obtain and review the record in order to prepare and file a *Pro Se* Petition for Discretionary Review.   The undersigned believes that there is insufficient time between now and July 24, 2015, to accomplish those goals.   Consequently, the undersigned respectfully requests that the Court grant Appellant the additional time.

4.     The undersigned has not filed any previous motions for extension of time in this case.

5.     For the reasons set forth above, the undersigned respectfully requests that Appellant be granted an extension of sixty days so that his brief in this case will now be due on September 22, 2015.

## PRAYER

**WHEREFORE,  PREMISES  CONSIDERED,** the  undersigned respectfully requests that this Court grant this Motion for Extension of Time to File *Pro Se* Petition for Discretionary Review.

Respectfully submitted,

_____/s/___Kristen Jernigan_____
KRISTEN JERNIGAN
State Bar Number 90001898
207 S. Austin Ave.
Georgetown, Texas 78626
(512) 904-0123
(512) 931-3650 (fax)
Kristen@txcrimapp.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Appellant's Motion for Extension of Time has been mailed to the Bell County District Attorney's Office, 1200 Huey Road, Belton, Texas 76513, on May 15, 2015.

_/s/ Kristen Jernigan_____
Kristen Jernigan