# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00509-CR

**Terry Atkins, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
### NO. D-1-DC-11-302358, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In May 2012, appellant Terry Atkins pleaded guilty to a third degree felony charge of violation of a protective order. *See* Tex. Penal Code § 25.07(g). The trial court deferred adjudication of guilt and placed appellant on five years community supervision. *See* Tex. Code Crim. Proc art. 42.12, § 5 (deferred-adjudication community supervision). Two months later, the State filed a motion to proceed with adjudication of guilt based on numerous violations of the terms and conditions of community supervision. At the conclusion of the adjudication hearing, the trial court found by a preponderance of the evidence that appellant had violated conditions of supervision and (1) granted the State's motion, (2) adjudicated appellant guilty of violating a protective order, and (3) sentenced him to four years' confinement in the Texas Department of Criminal Justice. On appeal, appellant contends the trial court abused its discretion by adjudicating guilt based on legally insufficient evidence that he violated his community supervision. Appellant also contends the trial

court's ruling infringed on his right to freedom of speech protected by the First Amendment of the United States Constitution. For the reasons that follow, we will affirm the judgment.

## DISCUSSION

The decision to proceed with an adjudication of guilt is reviewable in the same manner as a revocation of "ordinary" community supervision, that is, for an abuse of discretion. *Id.* at § 5(b); *see Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). An order revoking supervision must be supported by a preponderance of the evidence. *Rickels*, 202 S.W.3d at 763; *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). We consider the evidence presented at the hearing in the light most favorable to the trial court's findings. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); *Mauney v. State*, 107 S.W.3d 693, 695 (Tex. App.—Austin 2003, no pet.). The violation of a single condition is sufficient to support a revocation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Atchison v. State*, 124 S.W.3d 755, 758 (Tex. App.—Austin 2003, pet. ref'd). Thus, to prevail on appeal, an appellant must successfully challenge all of the trial court's findings that support revocation. *Silber v. State*, 371 S.W.3d 605, 611 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *see Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. 1978). The trial court's judgment will be upheld if the evidence is sufficient to support any ground alleged. *See Dunavin v. State*, 611 S.W.2d 91, 101 (Tex. Crim. App. 1981).

In its Motion to Proceed with Adjudication of Guilt, the State alleged that, in violation of the terms and conditions of his deferred-adjudication community supervision, appellant:

2

1. Failed to allow the supervision officer to visit him at home or elsewhere on January 9, 2013;

2. Failed to pay court costs and is delinquent $56.31;

3. Failed to pay supervision fees and is delinquent $229.93;

4. Failed to pay restitution and is delinquent $225.23;

5. Failed to pay family violence center fee and is delinquent $17.53;

6. Failed to report to, cooperate with, and participate in a Family Violence Program through CES;

7. Failed to participate in the Global Positioning System (GPS) program; and

8. Committed a subsequent criminal offense on February 22, 2013, particularly retaliation against Judge Julie Kocurek. *See* Tex. Penal Code § 36.06(a)(1)(A) (obstruction or retaliation of a public servant, a third-degree felony).

At the hearing on the State's motion, appellant pleaded not true to all of the alleged violations. The State presented the testimony of four witnesses, including appellant's community supervision officer, Charles Hoy. Hoy testified that appellant was scheduled to participate in a home visit by his supervision officer on January 9, 2013. However, he further testified that the visit did not occur because appellant was not home or did not answer the door, and he did not answer his phone. Hoy also testified that appellant failed to participate in the GPS monitoring program by failing to charge his tracking device.

As to the allegation of retaliation, the evidence admitted at the hearing included the testimony of Rachele Smith, owner of Victims Safety First, a company that provides Travis County with GPS monitoring services for people on community supervision. Smith testified that appellant began talking with her after he exited the company's office and, in that discussion, appellant made

3

profane remarks, saying that he hated Judge Kocurek, and threatened to kill the judge with a gun. In response to those remarks, Smith called the police and contacted appellant's probation supervisor. In addition, the State provided testimony from Rebecca Chatagnier, an employee at Victims Safety First who witnessed the conversation between Smith and appellant. Chatagnier testified that she saw appellant make a gun sign with his finger and thumb and did not believe he was joking.

At the conclusion of the hearing, the trial court explicitly found the violations regarding the failure to allow the supervision officer to visit his home, the failure to participate in the GPS program, and the commission of the retaliation offense against Judge Kocurek to be true. The court made no oral findings as to the remaining allegations.

On appeal, appellant asserts that there is insufficient evidence to support the trial court's finding that appellant had violated his community supervision. He argues that the evidence is insufficient to show retaliation because there was no evidence that he intended his statements to be interpreted as expressions of intent to harm a public servant or to inhibit the judge's service as a public official. Appellant also contends that the trial court's ruling violated his right to free speech protected by the United States Constitution because his words were voicing a protest to his current situation rather than making an actual threat.

Contrary to appellant's claims, the evidence presented at the adjudication hearing supports the trial court's decision to adjudicate guilt based on its finding that the terms and conditions of appellant's community supervision were violated, including the explicit findings regarding the failure to allow a home visit and the failure to participate in the GPS monitoring program. Thus, we need not determine whether sufficient evidence supports the trial court's finding

4

that appellant committed the subsequent offense of retaliation as alleged in the State's motion, nor whether the retaliation charge infringes on appellant's right to freedom of speech protected by the Constitution. *See* Tex. R. App. P. 47.1. One violation will support the decision to adjudicate, and the trial court expressly based its decision on its finding that the allegations concerning the failure to allow the home visit and the failure to participate in the GPS program were true. We therefore overrule appellant's issues and affirm the judgment adjudicating guilt.

_____

Cindy Olson Bourland, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed: July 24, 2015

Do Not Publish